NELL BROWNLEE *et al.*, Plaintiffs-Appellees, *v.* WESTERN CHAIN COMPANY, Defendant-Appellant.

First District (2nd Division)    No. 62553

Opinion filed May 10, 1977.

Paul M. Lurie and Robert A. Holstein, both of Chicago (Fohrman, Lurie, Holstein, Sklar & Cottle, Ltd.), for appellant.

Philip H. Corboy and Associates, of Chicago (Philip H. Corboy and Thomas A. Demetrio, of counsel), for appellees.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Defendant appeals from a denial of its motion to dismiss plaintiffs' complaint and from a summary judgment allowing plaintiffs to register a foreign judgment against defendant. (Ill. Rev. Stat. 1975, ch. 77, par. 88 *et seq.*) Defendant contends that the trial court erred in enforcing a foreign default judgment when defendant allegedly received insufficient notice of the action in the foreign court.

The facts in this litigation are undisputed. Defendant is an Illinois corporation engaged in the manufacture and distribution of metal link chains. On January 15, 1973, Arthur W. Hill, its president, general manager and principal stockholder, received a registered letter from the Secretary of State of Mississippi forwarding a summons. The forwarding

letter and summons had been receipted by John R. Miller, an employee of defendant, and given to Mr. Hill. The letter informed defendant that the enclosed copy of process had been served on its agent, the Secretary of State of Mississippi. The letter further informed defendant that a suit was pending in the circuit court of Simpson County, Mississippi, in which the corporation was designated as defendant and Mrs. Nell Brownlee *et al.* were plaintiffs.

The copy of process consisted of a summons which advised defendant that service had been had upon the Secretary of State as defendant's resident agent under Mississippi's "long arm" statute. (Miss. Code Ann. §13—3—63 (1972).) The summons did not set forth the amount claimed, and no copy of the complaint was forwarded to defendant. A term of court was to be held at the courthouse in Mendenhall, Mississippi, on the second Monday of March 1973, at which time defendant was to answer the declaration of Mrs. Nell Brownlee *et al.* Defendant was required "to plead on or before the first day of the term of court to which the process is returnable or within thirty days after service of process, which ever would cause the pleading to be filed earlier."

The summons provided that "the amount actually demanded in this suit is the sum stated in the said declaration and lawful interest and costs." No amount, however, was stated in the summons or in the accompanying letter. Judgment was said to be "demanded at return term."

Mr. Hill recorded a question mark on the process and put it in "a pile of stuff on my desk." On March 20, 1973, while the summons and notice remained on Mr. Hill's desk, a default judgment was entered against defendant in the sum of $204,160. Defendant subsequently received a letter from the attorney representing Mrs. Brownlee and her minor children on June 22, 1973, notifying it of the March 20, 1973, default judgment. Enclosed with the letter were copies of the interlocutory judgment and the final judgment.

Defendant thereupon investigated and found that a default judgment had been the result of the following proceedings: The widow and minor children of one Billy Brownlee had filed suit against defendant on January 9, 1973, in the circuit court of Simpson County, Mississippi, seeking damages for the death of Billy Brownlee on May 5, 1971. Brownlee was allegedly working beneath a car held by a chain claimed to have been manufactured by defendant when a link in the chain broke because of an alleged manufacturing defect causing the car to fall and crush Brownlee to death. The chain in question was claimed to have been purchased on April 27, 1971, from a retail store in Magee, Mississippi. On March 20, 1973, an interlocutory default judgment with a writ of inquiry and a final judgment were entered against defendant in the sum of $204,160 plus costs and 6% interest from the date of judgment.

On August 6, 1973, defendant filed a special and limited appearance in the circuit court of Simpson County, Mississippi, and a motion to vacate the default judgment on the grounds of lack of notice and lack of jurisdiction. On October 8, 1973, the Mississippi trial court denied defendant's motion, and defendant appealed. When the Supreme Court of Mississippi affirmed the trial court in *Western Chain Co. v. Brownlee* (Miss. 1975), 317 So.2d 418, defendant sought no further direct appeal.

Subsequently plaintiffs filed a petition for registration of the Mississippi judgment in the circuit court of Cook County, Illinois. After defendant filed a verified motion to dismiss plaintiffs' petition and plaintiffs filed a motion for summary judgment, the trial court granted plaintiffs' motion for summary judgment, and defendant appealed to this court.

Defendant contends that the special and limited appearance it filed in the Mississippi court does not bar it from collaterally attacking the judgment entered in the case at bar.

■■■ Article IV, section 1 of the United States Constitution provides that "Full Faith and Credit shall be given in each State to * * * the judicial Proceedings of every other State." This section, commonly known as "the Full-Faith-and-Credit Clause," is intended to establish as constitutional law the principles embodied in the common law doctrine of *res judicata*: that a lawsuit, once pursued to judgment, should be as conclusive of the rights of the parties in every other court as it is in the court where the judgment was rendered. (*Riley v. New York Trust Co.* (1942), 315 U.S. 343, 349, 86 L. Ed. 885, 62 S. Ct. 608; *Durfee v. Duke* (1963), 375 U.S. 106, 109, 11 L. Ed. 2d 186, 84 S. Ct. 242.) Illinois adopted the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1975, ch. 77, par. 88 *et seq.*) to facilitate the enforcement of judgments across State lines. (*Light v. Light* (1958), 12 Ill. 2d 502, 505, 147 N.E.2d 34.) The judgment debtor, however, is afforded the opportunity, after service of process, to avail himself of any defenses he may have to the enforcement of the judgment. Sections 4, 5, 8, 13 of the Act (Ill. Rev. Stat. 1975, ch. 77, pars. 91, 92, 95, 100).

Defendant, in the case at bar, raises the defense of lack of jurisdiction. It refers us to *Mullane v. Central Hanover Bank & Trust Co.* (1949), 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652, in arguing that the failure of the Mississippi summons to state the amount of plaintiffs' claim denied defendant due process of law. *Mullane* requires notice which is "reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." (339 U.S. 306, 314, 94 L. Ed. 2d 865, 873.) *Mullane* did not, however, involve a full-faith-and-credit question, nor did it involve a collateral attack.

Defendant received notice of a lawsuit pending in Mississippi when its

employee, Mr. Miller, signed a receipt for the notice and gave it to Mr. Hill, defendant's president. While Mr. Hill was distracted from his duties as president by the death of his wife and his own personal health problems, the trial court found him to be well aware of the affairs of the legal world. Moreover, defendant appears to be a long-established manufacturing corporation and not a legally unsophisticated individual.

Defendant filed a special and limited appearance in the Mississippi court to vacate the default judgment. Its motion to vacate was denied and the Mississippi Supreme Court affirmed. (*Western Chain Co. v. Brownlee* (Miss. 1975), 317 So.2d 418.) Rather than seek further review, defendant then chose to attack collaterally the jurisdictional basis of the Mississippi judgment in the Illinois enforcement proceeding.

■■ While a court of one State may constitutionally inquire into the jurisdictional basis of a foreign court's judgment, full faith and credit must be extended to that judgment when the inquiry discloses that the issue of jurisdiction has been litigated and decided in the rendering court. (*Baldwin v. Iowa State Traveling Men's Association* (1931), 283 U.S. 522, 75 L. Ed. 1244, 51 S. Ct. 517; *Cascade Chemical Coatings, Inc. v. Wellco Chemical Products Co.* (1st Dist. 1973), 15 Ill. App. 3d 1056, 305 N.E.2d 595, *cert. denied,* 419 U.S. 841, 42 L. Ed. 2d 69, 95 S. Ct. 72.) "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and the matters once tried shall be considered forever settled as between the parties." 283 U.S. 522, 525, 75 L. Ed. 1244, 1247.

■■ Defendant was afforded the opportunity to litigate the notice and due process issue in Mississippi. We therefore believe the doctrine of *res judicata* bars defendant from attacking collaterally the Mississippi judgment in Illinois.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DOWNING, P. J., and STAMOS, J., concur.