JAMES W. EVANS, Plaintiff-Appellee, *v.* ADVANCE SCHOOLS, INC., Defendant-Appellant.

First District (2nd Division)   No. 78-1060

Opinion filed April 3, 1979.

948

Deborah L. La Dolce, of Chicago (Walsh, Case & Coale, of counsel), for appellant.

Oliver H. Harris, of Evanston, for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant appeals an order of the circuit court of Cook County denying its motion to dismiss plaintiff's petition registering plaintiff's California default judgment in the circuit court of Cook County. The sole issue on appeal is whether the trial court erred in finding that the California court had obtained personal jurisdiction over the defendant.

In March 1976, the plaintiff filed a class action in a California municipal court, alleging that the defendant had induced him and other similarly situated California residents to enroll in its private vocational school through false representations concerning the availability of federally insured student loans. Copies of the summons and complaint were mailed, return receipt requested, to the defendant's registered agent, Sherman T. Christensen, in Illinois. The relevant portions of the return are as follows:

"I served the summons and complaint as follows:

1. Defendant's name: Advance Schools, Inc.

2. Person served and title: Sherman J. Christensen[1]

* * *

5. Mailing date, type of mail and place of mailing: 4/27/76; Certified, airmail; Berkeley, California

6. Address, city and state (when required indicate whether address is home or business): business; 5944 North Newark Avenue, Chicago, Illinois 60631[2]

---

[1] Although the defendant's motion to dismiss and Mrs. Christensen's supporting affidavit show that Sherman T. Christensen is the defendant's registered agent, the defendant did not bring this discrepancy to either the trial court's or to this court's attention.

[2] Although the return indicates that the summons was served at the defendant's agent's business, the plaintiff's assertions that the address listed was the agent's residence at the hearing and in his brief have not been disputed by the defendant.

7. Manner of service: (Certified or registered mail service) By mailing to address outside California (by registered or certified airmail with return receipt requested) copies to the person served (CCP 415.40). Attach signed return receipt or other evidence of actual delivery to the person served.

8. The following notice appeared on the copy of the summons served (CCP 412.30 or 474)

You are served on behalf of: Advance Schools, Inc.

Under: CCP 416.10 (Corporation)

        Other: CCP 415.40."

Upon obtaining a judgment for $1,169.09 by default, the plaintiff filed a petition to register this judgment in the circuit court of Cook County pursuant to the Uniform Enforcement of Foreign Judgments Act. (Ill. Rev. Stat. 1977, ch. 77, pars. 88 through 105.) The defendant's motion to dismiss supported by Grace Christensen's affidavit asserted *inter alia* that the return receipt had been signed by its agent's wife, Grace Christensen, thus, indicating that its agent had not been properly served with the summons and complaint. The defendant therefore concluded that the California court had not obtained personal jurisdiction over it, rendering its judgment void.

Following plaintiff's reply, the defendant's responses, and hearing, the trial court found that the California court had been satisfied by the evidence that service had been made upon Sherman T. Christensen in accordance with the California statutes. Accordingly, the defendant's motion to dismiss the plaintiff's petition was denied. The defendant appeals this denial. Ill. Rev. Stat. 1977, ch. 77, par. 98.

## I.

■■ When asked to register a foreign judgment pursuant to the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1977, ch. 77, pars. 88 through 105), this court may inquire into the proceedings of a court of a sister State to determine whether such court had jurisdiction of the subject matter and of the parties (*Davis v. Nehf* (1st Dist. 1973), 14 Ill. App. 3d 318, 321, 302 N.E.2d 382). If this inquiry reveals an error which would either (1) render the foreign judgment void according to the law of the foreign State, or (2) deprive the foreign court of jurisdiction over the contesting party according to the general constitutional principles of due process, the foreign judgment has no constitutional claim to full faith and credit (*Kolman v. National Racing Affiliates, Inc.* (1st Dist. 1965), 64 Ill. App. 2d 61, 64, 212 N.E.2d 313).

■■ However, where a judgment has been rendered by a court of general jurisdiction, there is a strong legal presumption that the court had

jurisdiction to render the judgment and that its proceedings conformed to the law of the State in which it was rendered. (*Nelson v. Sutton* (2d Dist. 1924), 232 Ill. App. 93, 100.) As stated more fully in *Forrest v. Fey* (1905), 218 Ill. 165, 169-70, 75 N.E. 789:

> "Where a court of general jurisdiction proceeds to adjudicate a cause there is a presumption of jurisdiction; but this presumption applies only when the record is silent upon the question, and if there is an affirmative showing in the record that there was no jurisdiction the judgment or decree will be void. Where the decree is silent as to the jurisdiction of the court over the defendants, if there is no evidence showing that the jurisdiction was not acquired, it will be presumed that the court had jurisdiction. [Citation.] Where a decree is silent as to the service of process, and the summons in the case shows want of or insufficient service, the presumption of jurisdiction is overcome. [Citation.] If it appears from the whole record in a case that the court did not have jurisdiction, the presumption in favor of jurisdiction is overcome. [Citation.] When the record itself shows a service which is insufficient and there is no finding from which it may be presumed that there is another service, the presumption in favor of jurisdiction is rebutted. [Citation.] Where the record itself shows that notice was not given as required by law the jurisdiction does not attach, and where it shows that the finding of jurisdiction upon which the court acted was insufficient the finding of the court as to its jurisdiction is not conclusive, * * *."

■■ The California decree is silent as to its jurisdiction over the defendant. Therefore, the presumption applies and the defendant's plea denying the jurisdiction of the court must, by certain and positive averments, negate every fact from which the jurisdiction of the court could arise. *Welch v. Sykes* (1846), 8 Ill. 197, 200-01.

### A.

The evidence in the record before this court establishing facts from which the California court's jurisdiction could arise consists of the return showing that the plaintiff's summons and complaint were properly served in accordance with section 415.40 of the California Code of Civil Procedure which provides as follows:

> "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by any form of airmail requiring a return receipt." Cal. Civ. Proc. Code §415.40 (1969).

Those persons to be served under section 415.40 are enumerated in the following pertinent parts of section 416.10 (see Judicial Council Comments, Cal. Civ. Proc. Code §415.40 (1969)):

"A summons may be served on a corporation by delivering a copy of the summons and of the complaint:

(a) To the person designated as agent for service of process* * *;

(b) To the president or other head of the corporation, a vice-president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or *a person authorized by the corporation to receive service of process*; * * *." (Emphasis added.) Cal. Civ. Proc. Code §416.10 (1969).

Proof of service made pursuant to section 415.40 is governed by section 417.20:

"Proof that a summons was served on a person outside this state shall be made:

(a) * * * if service is made by mail pursuant to Section 415.40, proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence." Cal. Civ. Proc. Code §417.20 (1969).

Sherman T. Christensen, the defendant's agent whose name appears on the return as the person to be served, did not sign the return receipt. However, based on the following authority and the absence of any California cases requiring his signature as the only proof of service, it is our opinion that the California legispature did not so intend.

First, section 415.30 (Cal. Civ. Proc. Code §415.30 (1969)) providing for service by mail on persons within California, and adopted at the same time as section 415.40, expressly requires that the person to be served or his agent sign and return an acknowledgment of receipt—a style is set out in the section—which must be served with the summons and complaint.[3] We believe that if the legislature had intended proof of service to be established only by the signed return receipt of the person served under section 415.40, that provision would have been drafted as specifically as section 415.30.

---

[3] Section 415.30 provides in pertinent part that two copies of the following acknowledgment must be mailed with the summons and complaint:

"ACKNOWLEDGMENT OF RECEIPT OF SUMMONS

This acknowledges receipt on (insert date) of a copy of the summons and of the complaint at (insert address).

Date: _____

---

Signature of person acknowledging receipt, with title if acknowledgment is made on behalf of another person"

Secondly, in addressing the same issue as here, the court in *Bay Plaza Management Co. v. Estep* (1974), 269 Ore. 275, 525 P.2d 56, rejected the defendant's contention that his signature on the return receipt was required for proof of service had in accordance with section 415.40. Although there are marked differences between the "other evidence" of actual receipt in *Bay Plaza* and in the record before this court, these differences do not detract from that court's interpretation of the California statute that the addressee's signature is not required to prove that service was made.

Finally, the Judicial Council Comments to section 417.20 refer to *Aero Associates, Inc. v. La Metropolitana* (S.D.N.Y. 1960), 183 F. Supp. 357, for the types of evidence of delivery that may be satisfactory to a court when the return receipt is not available. In that case, the plaintiff, a New York corporation, brought suit against several Latin American corporations acting as a reinsurance group. Process was served by serving the Deputy Superintendent of Insurance of New York pursuant to the New York insurance law, and copies of the summons and complaint were sent by registered mail, return receipt requested, to each defendant at its last known address. No return receipts were ever returned, but the plaintiff's attorney was sent five "inquiry statements" which were forwarded to the registry division of the United States Post Office. Thereafter, the post office advised the plaintiff's attorney that delivery of the registered mail had been made to the defendants. The court held that the postal advices filed with the court in lieu of the return receipts fell within the contemplation of "official proof of delivery" set forth in the New York statute.

■■ The foregoing authority leads us to conclude that neither the total absence of a return receipt nor the presence of a return receipt signed by a person other than the person to be served compels the conclusion that the person to be served was not in fact served. Accordingly, it is our opinion that the want of jurisdiction of the California court cannot be said to affirmatively appear on the face of the record. However, the clear language of the statute requires "other evidence" sufficient to satisfy the court establishing that the defendant received actual notice of the proceedings.

## B.

Looking to California law to discern the basis upon which the California court found the return to be satisfactory "other evidence" establishing actual delivery to Mr. Christensen, we find that the California courts have liberally construed their service of process statutes to conform with the general due process principles requiring only that the service be reasonably calculated to give notice of the proceedings. (See

*Milliken v. Meyer* (1940), 311 U.S. 457, 463, 85 L. Ed. 278, 61 S. Ct. 339.) For example, in finding that service upon the defendants' attorney who transacted all of the defendants' business fell within the section 416.90 definition of "a person authorized by [them] to receive service of summons," the court in *Warner Bros. Records, Inc. v. Golden West Music Sales* (1974), 36 Cal. App. 3d 1012, 1017, 112 Cal. Rptr. 71, 74, quoted the following portions of the Judicial Council comments and report concerning that section:

> " '* * * If process is delivered to an agent of defendant, such agent must be one who is authorized by law or by appointment to receive service of process, and the agent of an individual for other purposes is not necessarily authorized to receive such process.' [Judicial Council Comments, Cal. Civ. Proc. Code 1969, Section 416.90.] * * * *A specific appointment is not required, but the principal-agent relationship must be close and enduring enough to make it highly probable that the defendant will receive actual notice.* [Report of the Judicial Council's Special Committee on Jurisdiction (Nov. 2, 1968), pp. 35-36.]" (Emphasis added.)

The *Warner Bros.* court relied heavily on *Pasadena Medi-Center Associates v. Superior Court* (1973), 9 Cal. 3d 773, 511 P.2d 1180, 108 Cal. Rptr. 828, in which the plaintiff served a person whom the defendant had held out to be the secretary-treasurer of the corporation when in fact he was not. The court upheld the service holding that the ostensible authority of the person receiving service of process satisfied the requirements of section 416.10. In doing so, the court said:

> "Although some decisions under pre-1969 statutes required strict and exact compliance with the statutory requirements [citations], the provisions of the new law, according to its draftsmen, 'are to be liberally construed. * * * As stated in the Nov. 25, 1968, Report of the Judicial Council's Special Committee on Jurisdiction, pp. 14-15: "The provisions of this chapter should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant, *and in the last analysis the question of service should be resolved by considering each situation from a practical standpoint. * * *.*" ' " (Emphasis added.) 9 Cal. 3d 773, 778, 511 P.2d 1180, 1184, 108 Cal. Rptr. 828, 832.

■ Although the California court could have assumed from the defendant's default that it had not received notice of the proceedings from Grace Christensen or anyone else (see *Nagle v. P & M Distributors, Inc.* (1969), 273 Cal. App. 2d 176, 183, 78 Cal. Rptr. 65)[4], considering the

---

[4] This case was decided before the 1969 revision of the California statute. As the Supreme Court of California said in *Pasadena Medi-Center,* "* * * some decisions under pre-1969 statutes required strict and exact compliance with the statutory requirements * * *."

facts from a practical standpoint, and in the absence of evidence to the contrary, the California court apparently assumed that the relationship between Mrs. Christensen and her husband was close and enduring enough to make it highly probable that she gave him notice of the service of process. It is undisputed that Mr. Christensen was the defendant's proper agent for service of process. Therefore, notice to him by Mrs. Christensen constituted notice to the defendant. Applying the California test of "considering each situation from a practical standpoint," we think service on Mrs. Christensen constituted notice to the defendant. To conclude otherwise would frustrate the intent of the California statute.

The defendant corporation did not aver in its motion or argue or present evidence at the hearing to establish that it had not received actual notice of the California proceedings. Nor did the defendant aver or argue that its designation of its agent's residence as the place for service of process did not confer on Mrs. Christensen the ostensible authority to sign the return receipt for the service of process on its behalf.

■■ Having not been presented with any evidence to rebut the presumption that the "other evidence" before the California court properly established service of process on the defendant's agent, we find that the presumption of personal jurisdiction over the defendant remains intact. Accordingly, we find the trial court's denial of the defendant's motion to dismiss the plaintiff's petition registering the California judgment to be proper.

Affirmed.

STAMOS, P. J., and PERLIN, J., concur.