TRANSAMERICA TRADE COMPANY, INC., Petitioner-Appellee, *v.* McCOLLUM AVIATION, INC., *et al.*, Respondents-Appellants.

Fourth District    No. 16794

Opinion filed July 17, 1981.

Kennith W. Blan, Jr., of Danville, for appellants.

Carlton M. Kagawa, of Saikley, Garrison & Associates, of Danville, for appellee.

Mr. JUSTICE YONTZ delivered the opinion of the court:

Respondents appeal from an order of the circuit court of Vermilion County to register a foreign judgment entered against them by the United States District Court for the Northern District of Georgia. In challenging the registration petition, respondents argued the Federal court had no personal jurisdiction over them. The Illinois circuit court denied respondents' challenge and subsequently ordered the judgment registered. Since the Federal court was presented with the issue of personal jurisdiction over respondents and refused to dismiss the claims against them on that basis, we find the issue was entitled to *res judicata* effect under the full faith and credit clause of the United States Constitution and 28 U.S.C. §1738 (1980). Therefore, the circuit court order is affirmed.

Judgment was returned by the Federal court on September 21, 1977, against respondents. This action was instituted in the Illinois circuit court on June 18, 1980, to register the judgment in Illinois pursuant to the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1979, ch. 77, par. 88 *et seq.*). Respondents filed a special and limited appearance in the Illinois court to challenge the jurisdiction of the rendering Federal court.

The Federal court denied a motion filed by respondents to dismiss the claims against them in that court for lack of jurisdiction over their persons. The court further found that a settlement between other parties

to the litigation did not result in a loss of jurisdiction over the claim involving the present respondents. Judgment was subsequently entered against the respondents and in favor of petitioner. This judgment was appealed to the United States Court of Appeals for the Fifth Circuit and affirmed.

After receiving proof, the Illinois circuit court entered its order denying the special appearance because the jurisdictional issues argued as a basis for the special and limited appearance "were either raised or should have been raised" in the Federal district court. Respondents took no further part in the proceedings. The judgment order followed, disposing of the merits of the case and noting that the Federal judgment was a valid personal and final adjudication remaining in full force and effect in the jurisdiction of its rendition.

The respondents merely argue that upon a motion to register a foreign judgment pursuant to the Uniform Enforcement of Foreign Judgments Act, a circuit court may inquire into proceedings in a sister State to determine if such court had jurisdiction of the subject matter and the parties. If the foreign court had no jurisdiction over the defendant according to general principles of due process and the law of the foreign State, the foreign judgment has no constitutional claim to full faith and credit. (*Evans v. Advance Schools, Inc.* (1979), 70 Ill. App. 3d 947, 388 N.E.2d 1003.) At oral argument respondents cited *Thompson v. Whitman* (1873), 85 U.S. (18 Wall.) 457, 21 L. Ed. 897, for the proposition that jurisdiction of the rendering court may always be inquired into.

Petitioner relies largely upon *Brownlee v. Western Chain Co.* (1977), 49 Ill. App. 3d 247, 364 N.E.2d 926, *cert. denied* (1978), 435 U.S. 968, 56 L. Ed. 2d 59, 98 S. Ct. 1605. The *Brownlee* court noted that the full faith and credit clause of the United States Constitution was intended to embody the principles of *res judicata* and, therefore, where the question of jurisdiction has been previously considered by the rendering court the question should not be reconsidered by the registering State.

In *Brownlee*, the plaintiff sued an Illinois corporation in a Mississippi court and obtained a default judgment against the defendant-Illinois corporation. The defendant then filed a motion to vacate the default judgment with the Mississippi court alleging insufficient notice and consequent lack of jurisdiction. The Mississippi trial court and supreme court on appeal denied defendant's motion to vacate. The plaintiff's petition to register a foreign judgment was then filed in Cook County. Defendant filed a motion to dismiss the petition based upon the same grounds of lack of notice and lack of jurisdiction asserted in Mississippi. Citing *Baldwin v. Iowa State Traveling Men's Association* (1931), 283 U.S. 522, 75 L. Ed. 1244, 51 S. Ct. 517, the *Brownlee* court stated:

"While a court of one State may constitutionally inquire into the

jurisdictional basis of a foreign court's judgment, full faith and credit must be extended to that judgment when the inquiry discloses that the issue of jurisdiction has been litigated and decided in the rendering court." 49 Ill. App. 3d 247, 251, 364 N.E.2d 926, 929.

The *Baldwin* case relied upon by the *Brownlee* court clearly qualified the broad language of the *Thompson* case cited by respondents. In *Baldwin* it was found that a judgment by a court on the question of its own jurisdiction was *res judicata.*

"If, in the absence of appearance, the court had proceeded to judgment and the present suit had been brought thereon, respondent could have raised and tried out the issue in the present action, because it would never had had its day in court with respect to jurisdiction. * * *

Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause." 283 U.S. 522, 525-26, 75 L. Ed. 1244, 1246-47, 51 S. Ct. 517, 518.

More recent Illinois cases cited by respondent are distinguishable precisely because there was no indication in any of those cases that the question of jurisdiction was in fact litigated and decided by the rendering court. See *Davis v. Nehf* (1973), 14 Ill. App. 3d 318, 302 N.E.2d 382; *Schneider Corp. of America v. R. W. Borrowdale Co.* (1980), 89 Ill. App. 3d 904, 412 N.E.2d 605.

It is clear that the question of jurisdiction over the respondents was litigated and decided by the Federal court. Valid judgments of Federal courts, just as valid judgments of State courts, must be given full faith and credit (U.S. Const., art. IV; 28 U.S.C. §1738 (1980)). (*Hancock National Bank v. Farnum* (1900), 176 U.S. 640, 20 S. Ct. 506, 44 L. Ed. 619; *Garvin v. Garvin* (1951), 302 N.Y. 96, 96 N.E.2d 721; 1B Moore's Federal Practice par. 0.406[1], at 901-02 (2d ed. 1980).) Therefore, the question of jurisdiction is *res judicata* and the circuit court's order is affirmed.

Petitioner has also noted that where a judgment has been rendered by a court of general jurisdiction (as contrasted with inferior specialty courts of limited jurisdiction; see *Kenney v. Greer* (1851), 13 Ill. 432) there is a strong legal presumption that the court had jurisdiction to render the judgment and that its proceedings conformed to the law of the State in

which it was rendered. (*Evans.*) Since we find that the question of jurisdiction is *res judicata*, we need not deal with the application of the presumption.

Affirmed.

TRAPP, P. J., and GREEN, J., concur.