ROSS AND CHATTERTON LAW OFFICES, Plaintiff-Appellee, *v.*
WILLIAM T. LEWIS, Defendant-Appellant.

Fourth District   No. 17647

Opinion filed October 7, 1982.

William Ted Lewis, of Springfield, for appellant.

Sturm and Levens, of Springfield, for appellee.

JUSTICE MILLS delivered the opinion of the court:

"Once the *** chance to appeal has been waived or exhausted *** a final judgment commands respect."

So wrote Justice O'Connor recently in *U.S. v. Frady* (1982), 456 U.S. 152, 164-65, 71 L. Ed. 2d 816, 828, 102 S. Ct. 1584, 1593. That was a criminal case, but her admonition dictates with equal force in civil actions.

Ross and Chatterton Law Offices brought suit against William T. Lewis in Dane County, Wisconsin. Lewis filed a special limited appearance to challenge jurisdiction, but did not personally appear in Wisconsin. The Wisconsin court then entered an "order for jurisdiction" and directed Lewis to answer within 20 days or a default judgment would be entered against him. Lewis did not comply with the order, and Ross and Chatterton obtained a $5,496.63 default judgment against him.

Thereafter, Ross and Chatterton sought to register the Wisconsin judgment as an Illinois judgment in accordance with the Uniform Enforcement of Foreign Judgments Act. (Ill. Rev. Stat. 1981, ch. 77, par. 88 *et seq.*) Lewis objected, challenging the jurisdiction of the Wisconsin court to enter judgment against him. Ross and Chatterton moved for summary judgment, and Lewis appeals from the granting of that motion.

Lewis' contention is that summary judgment was improper because a court asked to register a foreign judgment may properly inquire into the rendering court's jurisdiction over the person of the defendant and because there was a material question of fact as to whether the Wisconsin court had jurisdiction over him.

It is true that a court may inquire into the jurisdiction of the rendering court before it registers a foreign judgment. (*Evans v. Advance Schools, Inc.* (1979), 70 Ill. App. 3d 947, 388 N.E.2d 1003.) Indeed, a court may not register a foreign judgment where the rendering court did not have personal jurisdiction over the defendant. *Norman v. Kal* (1980), 88 Ill. App. 3d 81, 410 N.E.2d 316.

■■ However, the ability of a registering court to inquire into the jurisdiction of a rendering court is not infinite, but rather limited by the principles of *res judicata. Transamerica Trade Co. v. McCollum Aviation, Inc.* (1981), 98 Ill. App. 3d 430, 424 N.E.2d 740; *Brownlee v. Western Chain Co.* (1977), 49 Ill. App. 3d 247, 364 N.E.2d 926, *cert. denied* (1978), 435 U.S. 968, 56 L. Ed. 2d 59, 98 S. Ct. 1605.

Lewis objected in Wisconsin to the Wisconsin court's jurisdiction and had the question decided against him. He apparently did not move the trial court to reconsider or for other corrective relief. Nor

did he pursue the matter in the Wisconsin Appellate Court to properly challenge the order of jurisdiction.

■ A party cannot be permitted to merely file a special appearance, challenge that court's jurisdiction, and expect the lawsuit to hang in limbo! A reasonable expedition of the administration of justice cannot be so thwarted. Here, Mr. Lewis did not pursue his remedies in Wisconsin. He cannot now come to Illinois and relitigate the issue.

Affirmed.

WEBBER and TRAPP, JJ., concur.