FIRST WISCONSIN NATIONAL BANK OF MILWAUKEE, Plaintiff-Appellee, v. ARNOLD I. KRAMER *et al.*, Defendants-Appellants.

First District (6th Division)   No. 1—89—3077

Opinion filed August 31, 1990.—Rehearing denied October 9, 1990.

Arnold I. Kramer and Sharon G. Kramer, both of Chicago, appellants *pro se.*

Mayer, Brown & Platt, of Chicago, and Foley & Lardner, of Milwaukee, Wisconsin (George W. Craven, Jonathan J. Olcott, Michael A. Bowen, and Robert E. Shumaker, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Defendants, Arnold I. and Sharon G. Kramer, appeal from a trial court's grant of summary judgment in favor of plaintiff First Wisconsin National Bank of Milwaukee, permitting plaintiff to register a foreign default judgment against defendants. On appeal, defendants, both acting *pro se*, contend that the court erred in granting summary judgment for plaintiff; that the judgment sought to be registered is void due to lack of subject matter jurisdiction, or because Michigan had primary jurisdiction; that plaintiff was barred by collateral estoppel and *res judicata* from prosecuting the foreclosure deficiency action in Wisconsin; and that Illinois cannot enforce the Wisconsin judgment because the Wisconsin court failed to give full faith and credit to an earlier Michigan decision.

In March 1973, the bank extended a $1.4 million loan to a corporation, Sharfern, Inc., which the Kramers, who were guarantors of the loan, formed to borrow money to finance a condominium conversion project in Michigan. The project failed.

The extensive litigation concerning this debt has spanned 15 years and has been before State courts in Michigan, Wisconsin, Illinois, and a Federal bankruptcy court. The Illinois litigation seeking to register the foreign judgment began over three years ago.

In 1975, the bank commenced the Wisconsin action to recover on the guaranties. The bank also filed a foreclosure action in Michigan, seeking a sale and foreclosure of the mortgaged premises to

satisfy the debt secured by the mortgaged premises and, in the event such sale shall fail to yield sufficient proceeds to satisfy the sums determined to be due, seeking a judgment for such deficiency against Sharfern.

(The Wisconsin action was stayed pending conclusion of the Michigan foreclosure proceedings. The Michigan proceedings were thereafter delayed when Sharfern filed for reorganization under the Bankruptcy Act. The bankruptcy court subsequently permitted the bank to proceed with the Michigan foreclosure action.)

In December 1976, the bank obtained a judgment of foreclosure in Michigan against Sharfern, and the bank purchased the property at a sheriff's sale for $1,453,000. The Michigan court entered an order confirming the sale. The court found the total amount owed to the bank was $1,794,380, including interest. The bank sold the property in 1980 for $1,475,000. In the Michigan action, no deficiency judgment was entered or requested.

In Wisconsin, the bank resumed its action against the Kramers as guarantors. The Kramers moved to dismiss, alleging failure to state a claim, estoppel due to the Michigan judgment, and lack of personal jurisdiction. On September 11, 1979, the motion to dismiss was denied. The Wisconsin trial court found the complaint stated a claim. The court also found an estoppel defense could not be decided on a motion to dismiss. In regard to personal jurisdiction, the court held that Wisconsin statutes and case law conferred jurisdiction over the Kramers because the loan guaranty was executed by the Kramers in Wisconsin, which constituted a "substantial contact with [this] state upon which jurisdiction of this court over defendants may be based" (citing *Oxmans' Erwin Meat Co. v. Blacketer* (1979), 86 Wis. 2d 683, 691-92, 273 N.W.2d 285).

On October 29, 1979, the Kramers filed pleadings in the Wisconsin case which included affirmative defenses restating the three grounds of the motion to dismiss. The same jurisdiction and estoppel defenses are set forth by the Kramers in the present Illinois action.

In February 1985, a jury trial was held, and the jury awarded damages to the bank in the sum of $400,000. Judgment was entered on the verdict, including interest for a total of $428,840.24. That Wisconsin deficiency judgment has been affirmed on appeal. The jurisdiction issue was not raised on appeal by the Kramers, but the Wisconsin Court of Appeals addressed the Kramers' *res judicata* and waiver arguments as follows:

"The Kramers argue that by failing to obtain a deficiency

judgment in the Michigan proceedings, First Wisconsin waived its right to hold them liable for any deficiency, and the Michigan proceedings are res judicata. We disagree.

In the foreclosure action, the Michigan court held that upon confirmation of the sale hereunder, if either principal, interest or costs remain unpaid after application of sale proceeds, execution may issue for the amount of such deficiency upon application therefore, against Defendant, SHARFERN, INC., without notice to the Defendant herein and is hereby authorized under the provisions of C.L. 600.3105(2) to pursue its remedies as to such deficiency if any there be, as against Defendant Sharfern, Inc., and any guarantors or indemnitors thereof, without prejudice, however as to the assertion of any lawful defenses as to such guarantees or indemnities.

The Kramers argue that although the Michigan court authorized First Wisconsin to pursue its remedies as to the deficiency, the judgment did not alter the statutory requirement that leave of court must be granted before a separate proceeding on the debt could be maintained. We conclude that in its decision, the Michigan court did expressly grant such leave when it stated in the above paragraph that First Wisconsin was 'authorized under ... C.L. 600.3105(2) to pursue its remedies as to such deficiency ... against ... any guarantors ... .'

The Kramers also argue that Michigan law requires that First Wisconsin apply to the clerk of circuit court issuing the first original foreclosure to obtain a deficiency judgment. According to the Kramers, this failure to obtain a deficiency judgment discharges Sharfern's liability for any deficiency, and precludes First Wisconsin from holding the Kramers liable on their guaranty. This argument overlooks the fact that under both Wisconsin and Michigan law, First Wisconsin had the right to proceed directly against the Kramers because of their personal liability as guarantors, regardless of the fact that an action against the debtor corporation and the collateral had been started earlier. Therefore, we reject the Kramers' argument on this issue." *First Wisconsin National Bank v. Kramer* (Wis. App. Nov. 21, 1986), 135 Wis. 2d 542, 401 N.W.2d 27 (unpublished limited precedent opinion).

In Illinois, on February 3, 1987, the bank filed a petition for registration of foreign judgment, based on the Wisconsin deficiency judgment. On September 8, 1987, Sharon filed a verified answer to

the petition. On April 20, 1988, the bank moved for summary judgment against Sharon.

On April 22, 1988, the bank sought a default judgment against Arnold. On July 27, 1988, however, Arnold was permitted to file his verified answer to the petition. He subsequently moved to have the bank's summary judgment request deemed filed against him as well, and he filed responses to the motion for summary judgment. (Sharon did not file a response to the summary judgment motion until June 1, 1989, when she filed a motion to dismiss the request for summary judgment.)

On June 13, 1989, after numerous hearings and continuances, the Illinois trial court here entered summary judgment, granting the bank's petition for registration of the $400,000 Wisconsin deficiency judgment. It denied Sharon's motion to dismiss. The court entered a final judgment on the bank's petition to register judgment in the amount of $428,000, plus interest at the rate of 12% per year from September 18, 1985, plus costs. The court found that it was obligated to give full faith and credit to the Wisconsin judgment. It noted that the Wisconsin court had considered and rejected the same arguments now made by the Kramers in Illinois, and stated that the Illinois court had no power to, in effect, reverse the appellate court of Wisconsin.

■ A motion for summary judgment is proper where the documents on file show there *is* no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).

■ ■ The full faith and credit clause of the United States Constitution provides that full faith and credit shall be given to the judicial proceedings of every other State. (*Brownlee v. Western Chain Co.* (1977), 49 Ill. App. 3d 247, 250, 364 N.E.2d 926, 928, quoting U.S. Const., art. IV, §1.) A lawsuit which has been pursued to judgment should be as conclusive in every other court as it is in the court where the judgment was entered. (49 Ill. App. 3d 247, 364 N.E.2d 926.) Moreover, the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1989, ch. 110, par. 12—601 *et seq.*) implements the full faith and credit clause and facilitates such interstate enforcement of judgments. (*Paine, Webber, Jackson & Curtis, Inc. v. Rongren* (1984), 127 Ill. App. 3d 85, 468 N.E.2d 459.) A judgment debtor may not defend on grounds which could have been presented to the foreign court in which the judgment was rendered. 127 Ill. App. 3d 85, 468 N.E.2d 459.

The Kramers argue that they are entitled to a trial or eviden-

tiary hearing on the issue of personal jurisdiction of the Wisconsin court to enter the judgment which the bank now wants to register in Illinois. The Kramers maintain that Wisconsin had no jurisdiction because a Michigan statute bars separate proceedings for the recovery of a debt secured by the same mortgage which has been foreclosed upon; because the debt was nonexistent, having merged into the prior Michigan foreclosure action and judgment; and because they did not perform "substantial activities" in Wisconsin.

■ Where a defendant challenges jurisdiction in a foreign court, and that court rules on the issue, that defendant is barred by the doctrine of *res judicata* from relitigating the issue in the registering court. (*Ross & Chatterton Law Offices v. Lewis* (1982), 109 Ill. App. 3d 856, 857, 441 N.E.2d 129, 130 (Wisconsin court decided personal jurisdiction argument raised by defendant; Illinois court will not prevent registration based on the ground that the Wisconsin court lacked personal jurisdiction).) A court may, of course, inquire into jurisdiction before registering a foreign judgment (*Norman v. Kal* (1980), 88 Ill. App. 3d 81, 410 N.E.2d 316; *Evans v. Advance Schools, Inc.* (1979), 70 Ill. App. 3d 947, 388 N.E.2d 1003); but *res judicata* limits our power significantly. We cannot inquire into the jurisdiction of the rendering court if that issue has already been litigated. *Ross & Chatterton Law Offices v. Lewis*, 109 Ill. App. 3d at 857-58, 441 N.E.2d at 130-31, citing *Transamerica Trade Co. v. McCollum Aviation, Inc.* (1981), 98 Ill. App. 3d 430, 424 N.E.2d 740; *Brownlee v. Western Chain Co.*, 49 Ill. App. 3d 247, 364 N.E.2d 926.

■ We hold that no evidentiary hearing was necessary on the personal jurisdiction issue and that full faith and credit must be extended to the judgment since the inquiry made by the trial court disclosed that the rendering court heard and decided the fully litigated issue of personal jurisdiction. See *Brownlee v. Western Chain Co.*, 49 Ill. App. 3d 247, 364 N.E.2d 926.

The Kramers also raise the estoppel and waiver arguments which were litigated in Wisconsin. The remainder of the Kramers' arguments, alternatively labeled as "subject matter jurisdiction," "*res judicata*," and "collateral estoppel," blur together and appear to all revolve around this point. The simple answer is that the Wisconsin court directly addressed, and rejected, the argument that the Wisconsin action was barred by the Michigan action and that the bank waived its right to recover any deficiency.

■ A judgment debtor may not defend against a petition to register a foreign judgment on grounds which could have been pre-

sented to the foreign rendering court. (*Dawson v. Duncan* (1986), 144 Ill. App. 3d 532, 537, 494 N.E.2d 900, 903.) Moreover, the Wisconsin court expressly concluded that both Wisconsin and Michigan law permitted the bank to proceed directly against the Kramers due to their personal liability as guarantors, notwithstanding the fact that a previous action was filed against the debtor corporation and the collateral.

■ The Kramers' citation of Illinois law governing deficiency judgments has little relevance here. To register a judgment from a sister State, the law upon which that judgment is based need not be identical to the law of the registering State. See, *e.g.*, *Brownlee*, 49 Ill. App. 3d at 250, 364 N.E.2d at 928.

The Kramers' reliance on *Klumpner v. Klumpner* (1989), 182 Ill. App. 3d 22, 537 N.E.2d 914, and similar cases, is misplaced. In that case, Klumpner did not litigate the issues of *res judicata* and collateral estoppel in the rendering court. Indeed, Klumpner refused to appear at the hearing in the rendering court. The Illinois registering court, therefore, could inquire into the jurisdiction issue. Moreover, there were unique statutory considerations in *Klumpner*, peculiar to the Uniform Child Custody Jurisdiction Act.

■ In sum, the trial court properly entered summary judgment in favor of the plaintiff bank and registered the Wisconsin judgment. The record establishes that no genuine issues of material fact remain and that the bank is entitled to judgment as a matter of law, as to the registration of the Wisconsin judgment in Illinois.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LaPORTA, P.J., and RAKOWSKI, J., concur.