FIRSTAR BANK MILWAUKEE, NA, f/k/a First Bank Southeast, NA, Plaintiff-Appellee, v. SIDNEY COLE *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 1—96—2773

Opinion filed March 25, 1997.—Rehearing denied April 24, 1997.

Leigh R. Gignilliat, of Gignilliat & Hymen, P.C., of Northbrook, for appellants.

Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., of Chicago, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:
Defendants Sidney and Lois Cole appeal an order from the Cook

County circuit court denying their motion to set aside the registration of a money judgment entered against Sidney Cole in the circuit court of Racine County, Wisconsin. Defendants contend the Racine County court did not have personal jurisdiction over Sidney and that the Cook County circuit court erred in refusing to set aside the judgment on that basis.

The issue is whether the doctrine of *res judicata* bars defendants from challenging the personal jurisdiction of the Racine County court. We conclude that it does and now affirm.

In 1994, plaintiff First Bank Southeast filed an action in the circuit court of Racine County, Wisconsin, against Sidney and Lois Cole to foreclose on a mortgage executed by Sidney Cole. Firstar Bank Milwaukee is the successor by merger to First Bank Southeast. Defendants hired a Wisconsin attorney, who filed an answer to the complaint and by way of affirmative defense alleged that the Racine County court lacked jurisdiction over defendants. Plaintiff moved for summary judgment. Defense counsel appeared at the hearing but did not file anything in opposition to plaintiff's motion. The Racine County court entered judgment of foreclosure and sale and subsequently entered a deficiency judgment against Sidney Cole in the amount of $28,135.13. As part of its judgment entered on February 23, 1995, the Racine County court stated that the summons and complaint were duly served upon all of the defendants as evidenced by the returns of service attached to the original pleadings. As part of the court's findings of fact and conclusions of law, also dated February 23, 1995, the court found that it had jurisdiction over the parties and the property, and that the summons and complaint were served by publication upon defendants.

The judgment was subsequently registered in the Cook County circuit court. Defendants argued that the Racine County court never had proper jurisdiction over the parties and that it was without jurisdiction to enter judgment. The Cook County circuit court rejected defendants' argument and refused to set aside registration of the judgment. The circuit court held that the doctrine of *res judicata* barred defendants from relitigating the issue of the Racine County court's jurisdiction over defendants.

■ The purpose of the Uniform Enforcement of Foreign Judgments Act (the Act) (735 ILCS 5/12—652 (West 1994)) is to implement the full faith and credit clause of the United States Constitution (U.S. Const., art. IV, § 1) and to facilitate the enforcement of interstate judgments by providing a summary procedure through which a party in whose favor a judgment has been rendered may enforce the judgment expeditiously in any jurisdiction where the

judgment debtor is found. *Practice Management Ass'n v. Thurston*, 225 Ill. App. 3d 470, 473 (1992); *ETA Trust v. Recht*, 214 Ill. App. 3d 827, 831 (1991); *Ace Metal Fabricating Co. v. Arvid C. Walberg & Co.*, 135 Ill. App. 3d 452, 455 (1985); *Thompson v. Safeway Enterprises, Inc.*, 67 Ill. App. 3d 914, 916 (1978). "Under the doctrine of full faith and credit, the forum court will not rehear a case on its merits because the judgment is *res judicata.*" *All Seasons Industries, Inc. v. Gregory*, 174 Ill. App. 3d 700, 703 (1988). Under principles of *res judicata*, the nature and amount of the judgment, together with all defenses that could have been raised in the original trial court, are foreclosed. *Falcon v. Faulkner*, 209 Ill. App. 3d 1, 13 (1991); *Dawson v. Duncan*, 144 Ill. App. 3d 532, 537 (1986). The exception to this rule is that a circuit court may inquire into the defenses of lack of jurisdiction in the foreign court or fraud in the procurement of the judgment, provided those issues have not been litigated in the foreign court. *Morey Fish Co. v. Rymer Foods, Inc.*, 158 Ill. 2d 179, 186-87 (1994) (holding that full faith and credit must be given to a foreign judgment when the issue of jurisdiction has been litigated and decided in the rendering court); *First Wisconsin National Bank v. Kramer*, 202 Ill. App. 3d 1043, 1048 (1990) (same); see *Brownlee v. Western Chain Co.*, 49 Ill. App. 3d 247, 251 (1977), relying on *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 524-26, 75 L. Ed. 1244, 1247, 51 S. Ct. 517, 517-18 (1931); *ETA Trust*, 214 Ill. App. 3d at 831-32; *Holy Cross Hospital, Inc. v. Rossi*, 171 Ill. App. 3d 637, 639 (1988); *Dawson*, 144 Ill. App. 3d at 537; *Transamerica Trade Co. v. McCollum Aviation, Inc.*, 98 Ill. App. 3d 430, 431-32 (1981). However, where a defendant has never submitted to the jurisdiction of the court for the limited purpose of challenging jurisdiction, that defendant need not abide by that court's determination of the issue. *Morey Fish Co.*, 158 Ill. 2d at 189, citing *Baldwin*, 283 U.S. at 524-26, 75 L. Ed. at 1247, 51 S. Ct. at 517-18; see *Klumpner v. Klumpner*, 182 Ill. App. 3d 22 (1989) (holding that the registering court could inquire into the issue of jurisdiction where the defendant refused to appear at the hearing in the rendering court and did not litigate the issues of *res judicata* and collateral estoppel).

■ Although an Illinois court may inquire into jurisdiction before registering a foreign judgment, it cannot do so under *res judicata* if that issue has already been litigated in the rendering court. *First Wisconsin National Bank*, 202 Ill. App. 3d at 1048; *Ross & Chatterton Law Offices v. Lewis*, 109 Ill. App. 3d 856, 857-58 (1982); *Transamerica Trade Co.*, 98 Ill. App. 3d at 432; *Brownlee*, 49 Ill. App. 3d at 251. Thus, when a defendant claims that a foreign court lacks personal or subject matter jurisdiction, the trial court must conduct a two-step

analysis. First, the trial court must look to the record of the foreign court to determine if that court ruled on the issue of personal jurisdiction. If the foreign court did not rule on the issue, the trial court may then perform the second step in the analysis, which is to examine the jurisdiction of the foreign court. Where a decree is silent as to the court's jurisdiction, there still is a strong presumption of jurisdiction. *Ace Metal Fabricating Co.*, 135 Ill. App. 3d at 457; *Evans v. Advance Schools, Inc.*, 70 Ill. App. 3d 947, 951 (1979). However, if the issue of jurisdiction has been litigated and decided in the foreign court, the registering court is compelled to accord full faith and credit to that ruling. *Morey Fish Co.*, 158 Ill. 2d at 186-89; *Brownlee*, 49 Ill. App. 3d at 251; *Baldwin*, 283 U.S. at 524-26, 75 L. Ed. at 1247, 51 S. Ct. at 517-18.

■ In the instant case, the issue of personal jurisdiction was raised as an affirmative defense and rejected in the circuit court of Racine County. Defense counsel appeared at the hearing on plaintiff's motion for summary judgment but did not file anything in opposition to the motion. After the circuit court granted summary judgment in favor of plaintiff, defendants did not move for rehearing or appeal the issue of jurisdiction to the Wisconsin Appellate Court. "A party cannot be permitted to merely file a special appearance, challenge that court's jurisdiction, and expect the lawsuit to hang in limbo! A reasonable expedition of the administration of justice cannot be so thwarted." *Ross & Chatterton Law Offices v. Lewis*, 109 Ill. App. 3d 856, 858 (1982). Accordingly, because defendants did not pursue their remedies in Wisconsin, they cannot now come to Illinois to relitigate the issue of jurisdiction. See *Ross & Chatterton Law Offices*, 109 Ill. App. 3d at 858; *Minneman v. Minneman*, 169 Ill. App. 3d 300, 304 (1988).

Defendants had their day in court with respect to jurisdiction at the summary judgment hearing. Public policy dictates that they be bound by the result.

For the above-stated reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

TULLY and McNULTY, JJ., concur.