Second Division
 March 25, 1997

No. 1-96-2773

FIRSTAR BANK MILWAUKEE, NA, ) Appeal from
f/k/a First Bank Southeast, NA, ) Circuit Court
 ) Cook County.
 Plaintiff-Appellee, )
 )
 v. )
 )
SIDNEY COLE and LOIS COLE, ) Honorable
 ) Glynn Elliott, Jr.,
 Defendants-Appellants. ) Judge Presiding.

 JUSTICE RAKOWSKI delivered the opinion of the court:
 Defendants Sidney and Lois Cole appeal an order from the
Cook County circuit court denying their motion to set aside the
registration of a money judgment entered against Sidney Cole in
the circuit court of Racine County, Wisconsin. Defendants
contend the Racine County court did not have personal
jurisdiction over Sidney and that the Cook County circuit court
erred in refusing to set aside the judgment on that basis.
 The issue is whether the doctrine of res judicata bars
defendants from challenging the personal jurisdiction of the
Racine County court. We conclude that it does and now affirm.
 In 1994, plaintiff First Bank Southeast filed an action in
the circuit court of Racine County, Wisconsin, against Sidney and
Lois Cole to foreclose on a mortgage executed by Sidney Cole.
Firstar Bank Milwaukee is the successor by merger to First Bank
Southeast. Defendants hired a Wisconsin attorney who filed an
answer to the complaint and by way of affirmative defense alleged
that the Racine County court lacked jurisdiction over defendants. 
Plaintiff moved for summary judgment. Defense counsel appeared
at the hearing but did not file anything in opposition to
plaintiff's motion. The Racine County court entered judgment of
foreclosure and sale and subsequently entered a deficiency
judgment against Sidney Cole in the amount of $28,135.13. As
part of its judgment entered on February 23, 1995, the Racine
County court stated that the summons and complaint were duly
served upon all of the defendants as evidenced by the returns of
service attached to the original pleadings. As part of the
court's findings of fact and conclusions of law, also dated
February 23, 1995, the court found that it had jurisdiction over
the parties and the property, and that the summons and complaint
were served by publication upon defendants.
 The judgment was subsequently registered in the Cook County
circuit court. Defendants argued that the Racine County court
never had proper jurisdiction over the parties and that it was
without jurisdiction to enter judgment. The Cook County circuit
court rejected defendants' argument and refused to set aside
registration of the judgment. The circuit court held that the
doctrine of res judicata barred defendants from relitigating the
issue of the Racine County court's jurisdiction over defendants.
 The purpose of the Uniform Enforcement of Foreign Judgments
Act (the Act) (735 ILCS 5/12-652 (West 1994)) is to implement the
full faith and credit clause of the United States Constitution
(U.S. Const., art. IV, 1) and to facilitate the enforcement of
interstate judgments by providing a summary procedure through
which a party in whose favor a judgment has been rendered may
enforce the judgment expeditiously in any jurisdiction where the
judgment debtor is found. Practice Management Ass'n v. Thurston,
225 Ill. App. 3d 470, 473 (1992); ETA Trust v. Recht, 214 Ill.
App. 3d 827, 831 (1991); Ace Metal Fabricating Co. v. Arvid C.
Walberg & Co., 135 Ill. App. 3d 452, 455 (1985); Thompson v.
Safeway Enterprises, Inc., 67 Ill. App. 3d 914, 916 (1978). 
"Under the doctrine of full faith and credit, the forum court
will not rehear a case on its merits because the judgment is res
judicata." All Seasons Industries, Inc. v. Gregory, 174 Ill.
App. 3d 700, 703 (1988). Under principles of res judicata, the
nature and amount of the judgment, together with all defenses
that could have been raised in the original trial court, are
foreclosed. Falcon v. Faulkner, 209 Ill. App. 3d 1, 13 (1991);
Dawson v. Duncan, 144 Ill. App. 3d 532, 537 (1986). The
exception to this rule is that a circuit court may inquire into
the defenses of lack of jurisdiction in the foreign court or
fraud in the procurement of the judgment, provided those issues
have not been litigated in the foreign court. Morey Fish Co. v.
Rymer Foods, Inc., 158 Ill. 2d 179, 186-87 (1994) (holding that
full faith and credit must be given to a foreign judgment when
the issue of jurisdiction has been litigated and decided in the
rendering court); First Wisconsin National Bank v. Kramer, 202
Ill. App. 3d 1043, 1048 (1990) (same); see Brownlee v. Western
Chain Co., 49 Ill. App. 3d 247, 251 (1977), relying on Baldwin v.
Iowa State Traveling Men's Ass'n, 283 U.S. 522, 524-26, 75 L. Ed.
1244, 1247, 51 S. Ct. 517, 517-18 (1931); ETA Trust, 214 Ill.
App. 3d at 831-32; Holy Cross Hospital, Inc. v. Rossi, 171 Ill.
App. 3d 637, 639 (1988); Dawson, 144 Ill. App. 3d at 537;
Transamerica Trade Co. v. McCollum Aviation, Inc., 98 Ill. App.
3d 430, 431-32 (1981). However, where a defendant has never
submitted to the jurisdiction of the court for the limited
purpose of challenging jurisdiction, that defendant need not
abide by that court's determination of the issue. Morey Fish
Co., 158 Ill. 2d at 189, citing Baldwin, 283 U.S. at 524-26, 75
L. Ed. at 1247, 51 S. Ct. at 517-18; see Klumpner v. Klumpner,
182 Ill. App. 3d 22 (1989) (holding that the registering court
could inquire into the issue of jurisdiction where the defendant
refused to appear at the hearing in the rendering court and did
not litigate the issues of res judicata and collateral estoppel).
 Although an Illinois court may inquire into jurisdiction
before registering a foreign judgment, it cannot do so under res
judicata if that issue has already been litigated in the
rendering court. First Wisconsin National Bank, 202 Ill. App. 3d
at 1048; Ross & Chatterton Law Offices v. Lewis, 109 Ill. App. 3d
856, 857-58 (1982); Transamerica Trade Co., 98 Ill. App. 3d at
432; Brownlee, 49 Ill. App. 3d at 251. Thus, when a defendant
claims that a foreign court lacks personal or subject matter
jurisdiction, the trial court must conduct a two-step analysis. 
First, the trial court must look to the record of the foreign
court to determine if that court ruled on the issue of personal
jurisdiction. If the foreign court did not rule on the issue,
the trial court may then perform the second step in the analysis,
which is to examine the jurisdiction of the foreign court. Where
a decree is silent as to the court's jurisdiction, there still is
a strong presumption of jurisdiction. Ace Metal Fabricating Co.,
135 Ill. App. 3d at 457; Evans v. Advance Schools, Inc., 70 Ill.
App. 3d 947, 951 (1979). However, if the issue of jurisdiction
has been litigated and decided in the foreign court, the
registering court is compelled to accord full faith and credit to
that ruling. Morey Fish Co., 158 Ill. 2d at 186-89; Brownlee, 49
Ill. App. 3d at 251; Baldwin, 283 U.S. at 524-26, 75 L. Ed. at
1247, 51 S. Ct. at 517-18.
 In the instant case, the issue of personal jurisdiction was
raised as an affirmative defense and rejected in the circuit
court of Racine County. Defense counsel appeared at the hearing
on plaintiff's motion for summary judgment but did not file
anything in opposition to the motion. After the circuit court
granted summary judgment in favor of plaintiff, defendants did
not move for rehearing or appeal the issue of jurisdiction to the
Wisconsin Appellate Court. "A party cannot be permitted to
merely file a special appearance, challenge that court's
jurisdiction, and expect the lawsuit to hang in limbo! A
reasonable expedition of the administration of justice cannot be
so thwarted." Ross & Chatterton Law Offices v. Lewis, 109 Ill.
App. 3d 856, 858 (1982). Accordingly, because defendants did not
pursue their remedies in Wisconsin, they cannot now come to
Illinois to relitigate the issue of jurisdiction. See Ross &
Chatterton Law Offices, 109 Ill. App. 3d at 858; Minneman v.
Minneman, 169 Ill. App. 3d 300, 304 (1988).
 Defendants had their day in court with respect to
jurisdiction at the summary judgment hearing. Public policy
dictates that they be bound by the result.
 For the above-stated reasons, the judgment of the circuit
court of Cook County is affirmed.
 Affirmed.
 TULLY and McNULTY, JJ., concur.