HOLY CROSS HOSPITAL, INC., Petitioner and Judgment Creditor-Appellee, v. FRANCES ROSSI, Respondent and Judgment Debtor-Appellant.

Third District   No. 3—87—0822

Opinion filed July 8, 1988.

Kuhfuss, Kuhfuss & Kepple, of Pekin (Harold H. Kuhfuss of counsel), for appellant.

William R. Kohlhase, of Davis & Morgan, of Peoria (Thomas R. Davis, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Holy Cross Hospital, Inc. (Holy Cross), filed a petition in the circuit court of Tazewell County to register a money judgment against Frances Rossi entered by a Florida trial court. (Ill. Rev. Stat. 1985, ch. 110, par. 12—601 *et seq.*) In response, Rossi filed a petition raising defenses to registration of the Florida judgment. Holy Cross then filed a motion to strike defenses and for judgment, which the trial court granted. Rossi pursued this appeal. We affirm.

In January of 1981, Mona Hirst, Frances Rossi's daughter, incurred expenses as a result of medical treatment rendered at Holy Cross in Florida. Rossi alleges that upon her daughter's discharge from the hospital, she paid the portion of her daughter's bill determined not payable by Medicare, and it was agreed that Holy Cross would collect the remaining $9,925.63 from Medicare. After returning to Illinois, Rossi learned that Medicare would not pay the outstanding bill, but that the Illinois Department of Public Aid would pay. Rossi states that she notified Holy Cross that Public Aid would assume responsibility for the unpaid portion of the bill, but the hospital failed to submit the claim to Public Aid.

Subsequently, Holy Cross filed suit against Rossi in Broward County, Florida. Rossi appeared at the Florida proceedings, but apparently raised no defenses. On September 17, 1984, the Broward County circuit court determined that it had personal and subject matter jurisdiction and granted Holy Cross' motion for summary judgment. The court awarded Holy Cross $14,509.87 for damages, interest, costs, and attorney fees. Rossi filed no appeal from the Florida judgment. On December 10, 1984, Holy Cross filed a petition in the circuit court of Tazewell County to register the Florida judgment. Rossi failed to file any responsive pleadings within the time specified in the summons, but in subsequent pleadings, Rossi raised defenses of estoppel and avoidance of consequences. On November 19, 1987, the circuit court granted Holy Cross' motion to strike defenses and for order of judgment. The court entered judgment in favor of Holy Cross

in the amount of $20,061.45, representing the amount of the Florida judgment, accrued interest, and court costs incidental to the registration proceeding.

■■ ■ On appeal, Rossi argues that her pleadings do not constitute an impermissible collateral attack on the Florida judgment because the Florida judgment was contrary to the parties' agreement and because the hospital's failure to honor the agreement should be construed as fraud. She also argues that equity does not allow a plaintiff to recover for damages he readily could have avoided and that because Holy Cross could have recovered the money from Public Aid, allowing Holy Cross to enforce this judgment would be inequitable and unconscionable. Holy Cross argues that, despite Rossi's arguments to the contrary, she is attempting to wage an impermissible collateral attack against the Florida judgment. We agree with Holy Cross.

Section 12—602 of the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1985, ch. 110, par. 12—602) provides for the registration of a judgment from a sister State. It is well established that while a judgment debtor may defend against a foreign judgment sought to be registered and enforced in Illinois, he may not do so on grounds which could have been raised in the foreign court which rendered the judgment. (*Dawson v. Duncan* (1986), 144 Ill. App. 3d 532, 537.) In a registration proceeding, an Illinois court will not rehear a case on the merits because, under the principles of *res judicata*, consideration of the nature and the amount of the foreign judgment and all defenses which could have been raised is foreclosed. (*Duncan*, 144 Ill. App. 3d at 537.) A foreign judgment is not subject to collateral attack except on the grounds of fraud in the procurement of the judgment or lack of jurisdiction in the rendering court. (*Thompson v. Safeway Enterprises, Inc.* (1978), 67 Ill. App. 3d 914, 916.) Finally, only fraud which prevents a court from acquiring jurisdiction, as distinguished from fraud which occurred after the court obtained jurisdiction, renders the foreign judgment void. *Duncan*, 144 Ill. App. 3d at 540.

Applying these principles to the case at bar, it is clear that if Rossi wished to raise the alleged defenses of estoppel and avoidance of consequences/fraud, she could and, in fact, she should have done so in the Florida proceeding. Not having raised the issues there, she cannot use them to collaterally attack the judgment in Illinois. That judgment is entitled to full faith and credit.

■ Rossi's attorney argued that a rule of justice prevails over all other rules and this court should exercise its equitable powers to overturn this unconscionable judgment to prevent Holy Cross from taking

advantage of Rossi. While the argument evokes some sympathy for Rossi, the fact remains that she had ample opportunity to raise her defenses in the rendering court and to pursue an appeal in the Florida appellate court. She elected to do neither. Furthermore, there is no evidence that Holy Cross took advantage of Rossi or somehow failed to act in accordance with the law. Thus, while it is understandable that Rossi is unhappy with the judgment, there is nothing in these facts to justify overturning the well-established rules regarding registration of a foreign judgment or making an equitable exception thereto.

Since the Florida court had jurisdiction and since there was no fraud in the procurement of the judgment, there is no defense against the registration of the judgment in Illinois. Accordingly, the trial court did not err when it struck Rossi's defenses and summarily granted Holy Cross' motion for judgment.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.