EMPLOYERS INSURANCE OF WAUSAU, a mutual company, a Wisconsin corporation, Plaintiff-Respondent,

v.

Heidi PELCZYNSKI, Defendant-Appellant,†

J.W. PETERS & SONS, INC., a Wisconsin corporation, Thomas E. Dolatowski, special administrator of the estate of George Braun, deceased, Blue Cross/Blue Shield United of Wisconsin, Inc., Weait Insurance Corporation, Casualty Insurance Company, Vic's, Inc., Continental Insurance Company, Heritage Insurance Company, and Milwaukee Mutual Insurance Company, Defendants.

Court of Appeals

*No. 89–1038. Submitted on briefs October 12, 1989.—Decided November 21, 1989.*

(Also reported in 451 N.W.2d 300.)

† Petition to review denied.

303

For defendant-appellant there were briefs by *Howard A. Davis* and *Virginia M. Antoine* of *Habush, Habush & Davis, S.C.,* of Milwaukee.

For plaintiff-respondent there was a brief by *Timothy J. Strattner* and *Linda Vogt Meagher* of *Schellinger & Doyle, S.C.,* of Brookfield.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Heidi Pelczynski appeals a judgment dismissing Employers Insurance of Wausau from her claim against them under a business automobile insurance policy. She claims that Braun, the driver of the vehicle in which she was injured, was an "additional insured" under the terms of Employers' contract with Braun's employer, J.W. Peters & Sons, Inc. Pelczynski argues that the trial court erred by concluding that Braun was not insured under the policy.

Pelczynski also alleges that if Braun was not an "additional insured" under the policy, the omnibus clause of the policy provides coverage under Wisconsin law because Braun had Peters' initial permission to use the vehicle even though Braun's use of the vehicle at the time of the accident exceeded the restrictions placed on its use by his employer. Alternatively, Pelczynski argues, if Wisconsin law does not support the "initial permission rule," Illinois law does, and that Wisconsin's choice of

law provisions dictate application of Illinois law. Because the policy's terms indicate that Braun was not an "additional insured," and because we conclude that Wisconsin law, which does not support the initial permission rule, is the applicable law of this case, we affirm the trial court's judgment.

This action arose from an automobile accident in Illinois on March 31, 1986. The accident occurred when an automobile driven by George Braun struck a truck. Pelczynski was a passenger in the vehicle driven by Braun and was seriously injured. Braun was killed.

At the time of the accident, Braun was employed in Peters' quality control department and had been assigned monitoring duties at a Deerfield, Illinois, construction site. Braun traveled from Burlington, Wisconsin, the site of his home and Peters' principal office, to Deerfield whenever the erection subcontractor was on the job site.

Braun had a personal vehicle, but he was unsure of its reliability. To facilitate travel, Peters rented an automobile from Vic's, Inc., for Braun's business use. Peters allowed Braun to keep the automobile at his home, even when it was not in use, but Braun's supervisor instructed him to use the vehicle only for travel to and from the job site. The accident occurred at approximately 3 a.m. when he and Pelczynski were on a social engagement.

Employers issued an insurance policy to Cretex Companies, Inc., naming J.W. Peters & Sons, Inc., as an additional insured. The policy provides: "Any auto you [the named insured] don't own, hire, or borrow is a covered auto for Liability Insurance while being used by any individual named in this endorsement. This provision also covers all employees furnished an automobile by a named insured." The omnibus clause provides coverage for those individuals using a covered auto that is owned,

hired, or borrowed with the permission of a named insured.

Pelczynski initially argues that the coverage exclusion for "hired, borrowed or owned" automobiles does not apply to the vehicle Peters rented for Braun. She contends that "hired" refers to chauffeured vehicles, and, under the policy's terms, does not include rented or leased vehicles such as the one Braun was driving at the time of the accident.

■ The construction of an insurance policy is a question of law. This court determines such questions independently, without deference to the trial court. *Herwig v. Enerson & Eggen,* 98 Wis. 2d 38, 39, 295 N.W.2d 201, 203 (Ct. App. 1980).

The policy declarations section defines "Hired Autos Only" as "Only those autos you lease, hire, rent or borrow." Peters rented the vehicle. Because coverage for "hired autos" is excluded and Peters "hired" the auto that Braun was driving, there can be no coverage for that vehicle.

■ Next, Pelczynski argues that if the exclusion applies, the policy's omnibus clause grants coverage because this is a hired auto, used by an employee, with Peters' permission. Pelczynski argues that Wisconsin follows the initial permission rule, citing *Drewek v. Milwaukee Auto. Ins. Co.,* 207 Wis. 445, 240 N.W. 881 (1932). She claims the trial court erred by leaving the scope of permission question to the jury and not applying the initial permission rule as a matter of law. The application of a rule of law to undisputed facts, here the nature of Braun's use of the vehicle, is a question of law. *See State v. Williams,* 104 Wis. 2d 15, 21–22, 310 N.W.2d 601, 604–05 (1981). We review questions of law

independently. *Ball v. District No. 4 Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

Pelczynski relies heavily on *Drewek. Drewek* seems to support the initial permission rule. In that case, the court held that if an employee was given initial permission to use a vehicle, subsequent use was also within that permission, regardless of whether the use was within the insured's contemplation when he gave initial permission. *Id.* at 448, 240 N.W. at 882.

Although *Drewek* has not been directly overruled, our supreme court has retreated from its doctrine and specifically found that it does not create an initial permission rule. In *Kitchenmaster v. Mutual Auto. Ins. Co.,* 248 Wis. 554, 22 N.W.2d 479 (1946), the supreme court characterized *Drewek* as applying the "mere deviation" rule, which would provide coverage only where the deviation from the scope of permission was minor.

In *Boehringer v. Continental Cas. Co.,* 7 Wis. 2d 201, 96 N.W.2d 353 (1959), the supreme court expressly adopted the mere deviation rule. In *Boehringer,* the court refused to hold the insurance company liable where the employee operated the vehicle "contrary to the express instructions given [to] him." *Id.* at 205, 96 N.W.2d at 355. Finally, in *Harper v. Hartford Accident & Indem. Co.,* 14 Wis. 2d 500, 111 N.W.2d 480 (1961), the supreme court specifically held that Wisconsin's rule is not as broad as the initial permission rule. *Id.* at 505, 111 N.W.2d at 484.

Given the progression of Wisconsin case law, we conclude that Wisconsin applies the mere deviation rule and that the scope of permission must be determined in each case. *See id.* at 507–08, 111 N.W.2d at 485. Thus, if Wisconsin law applies, the trial court properly applied the law and left the issue to the jury. There has been no

allegation that the jury's finding in this regard is not supported by credible evidence.

Alternatively, Pelczynski argues that if Wisconsin does not follow the initial permission rule, Illinois law, which clearly follows that rule,[1] should be applied because the accident occurred in Illinois. Because there is a genuine conflict of law, a choice of law question is presented. *See Gavers v. Federal Life Ins. Co.,* 118 Wis. 2d 113, 115–16, 345 N.W.2d 900, 901–02 (Ct. App. 1984). The choice of law rules of the forum state, Wisconsin, control this question. *See Air Products & Chemicals, Inc. v. Fairbanks Morse, Inc.,* 58 Wis. 2d 193, 202, 206 N.W.2d 414, 418 (1973).

Choice of law considerations, as set forth by the supreme court in *Heath v. Zellmer,* 35 Wis. 2d 578, 596, 151 N.W.2d 664, 672 (1967), are as follows: "Predictability of results; Maintenance of interstate and international order; Simplification of the judicial task; Advancement of the forum's governmental interests; [and] Application of the better rule of law." Because these factors are evaluated in light of quantity and quality of the contacts to the case, we must also consider the contacts of both states. *See American Standard Ins. Co. v. Cleveland,* 124 Wis. 2d 258, 263, 369 N.W.2d 168, 171 (Ct. App. 1985).

Wisconsin's contacts are substantial. Braun and Pelczynski resided in Wisconsin. Employers Insurance, Peters, and Vic's rental cars are all Wisconsin corporations with their principal places of business in the state. The employment agreement between Peters and Braun, as well as the rental agreement between Peters and Vic's, were made in Wisconsin.

---

[1]*See Konrad v. Hartford Accident & Indem. Co.,* 137 N.E.2d 855 (Ill. App. 1956).

Illinois' contacts are more limited, but nevertheless significant. Most notably, the accident occurred in Illinois, and the site to which the car was to be driven was located in Illinois.

A contact needs to be considered "in terms of its relevance to a specific domestic law and the policy underlying that law." *Haines v. Mid-Century Ins. Co.,* 47 Wis. 2d 442, 447, 177 N.W.2d 328, 331 (1970). Because scope of permission is the primary issue of this case, and Illinois defines the scope of permission differently from Wisconsin, Illinois may have significant interest in the resolution of this dispute. Braun's use of the vehicle in Illinois enhances Illinois' contacts to this litigation because Illinois has classified that use, which is the issue in this case, differently from Wisconsin. This makes a choice of law analysis appropriate.

The first factor to consider is the predictability of results. Because Employers' policy covered a Wisconsin corporation, it seems reasonable to believe the parties expected Wisconsin law to apply. Moreover, Braun and Pelczynski were both Wisconsin residents and could reasonably anticipate being subject to the laws of Wisconsin. Thus, predictability of results, though of limited significance in auto accident cases, favors the application of Wisconsin law.[2]

The second consideration is maintenance of interstate order, which also has little application in cases such as this. *See Zelinger v. State Sand & Gravel Co.,* 38 Wis. 2d 98, 109, 156 N.W.2d 466, 471 (1968). Wisconsin is not invading another state's interest, as Illinois law favors the application of the forum's law, here Wisconsin, when both parties are residents of that state. *See*

---

[2]The Wisconsin Supreme Court has stated that this factor has little relevance to a tort that was never intended or planned. *Heath,* 35 Wis. 2d at 596, 151 N.W.2d at 672.

*Schulze v. Illinois DOT,* 423 N.E.2d 278, 280 (Ill. App. 1981). This factor, though of little weight, also favors application of Wisconsin law.

Simplification of the judicial task clearly favors application of Wisconsin law. "[A] court's task is rarely simplified when the lawyers and judges must apply themselves to foreign rather than forum law." *Heath,* 35 Wis. 2d at 597, 151 N.W.2d at 673.

Advancement of Wisconsin's governmental interests is the fourth consideration. Pelczynski argues that Wisconsin's governmental interest is to compensate tort victims who are injured by negligent acts, and that the purpose of omnibus insurance coverage is to assure compensation to a greater number of injured parties, again citing numerous cases. She correctly argues that application of Illinois law would promote these interests.

Victim compensation, however, is not Wisconsin's only interest. The state also has an interest in setting at least some limit to the exposure of insurance companies for actions outside the scope of a given policy. The Wisconsin Supreme Court has already addressed this concern with its decision in *Boehringer.* If victim compensation held the overwhelming significance Pelczynski suggests, the *Boehringer* court could have adopted the initial permission rule used in Illinois. They did not do so, and it is not the role of this court to change existing rules and policies as expressed by the supreme court. *See State v. Staton,* 106 Wis. 2d 172, 178, 316 N.W.2d 134, 137 (Ct. App. 1982).

Finally, choice of law factors require this court to consider which rule is "better." Again, the supreme court has already decided this issue. *See Boehringer,* 7 Wis. 2d at 204, 96 N.W.2d at 355; *Harper,* 14 Wis. 2d at 505, 111 N.W.2d at 483–84. Wisconsin has adopted the "mere

deviation" rule. We will not conclude that the initial permission rule of law is better when our supreme court has previously declined to do so.

*By the Court.*—Judgment affirmed.