PRACTICE MANAGEMENT ASSOCIATES, INC., Plaintiff-Appellant, v. GREGORY THURSTON, Defendant-Appellee.

Second District   No. 2—91—0605

Opinion filed February 26, 1992.

Michael H. Lurie and Michael E. Papierski, both of Michael H. Lurie, Ltd., of Chicago, for appellant.

Gene A. Turk, Jr., of Carbondale, for appellee.

Larry L. Beard, of Carbondale, for *amicus curiae*.

JUSTICE NICKELS delivered the opinion of the court:

Plaintiff, Practice Management Associates, Inc., appeals from an interlocutory order of the circuit court of Lake County which granted the motion of defendant, Gregory Thurston, to stay the proceedings regarding plaintiff's petition to register a foreign judg-

ment. Plaintiff raises three issues on appeal: (1) whether the trial court's ruling contravenes the purpose of the Uniform Enforcement of Foreign Judgments Act (Act) (Ill. Rev. Stat. 1989, ch. 110, pars. 12—601 through 12—617); (2) whether the trial court properly stayed proceedings regarding its petition where defendant did not raise, as a defense to the petition, that the foreign court did not have jurisdiction over defendant; and (3) whether the trial court abused its discretion in staying its petition until a pending action in another court was resolved. We reverse and remand.

On February 1, 1991, plaintiff filed a petition to register a Florida judgment entered in its favor against defendant pursuant to section 12—602 of the Act (Ill. Rev. Stat. 1989, ch. 110, par. 12—602). Attached to the petition was a certified copy of a "Final Default Judgment" entered by the circuit court of Pinellas County in Florida on February 7, 1990. The judgment stated that plaintiff was awarded damages from defendant in the amount of $18,952.81 plus costs of $112.10 and attorney fees of $500. It also provided that the judgment would bear interest at the rate of 12% per annum until satisfied.

On April 10, 1991, defendant filed his motion to set aside the registration of the judgment and motion to stay and/or transfer the proceedings. In his motion, defendant alleged that the "judgment of the foreign state is inclusive [sic] because the cause of action upon which it is based is repugnant to the public policy of this state" and also alleged that the parties were involved in legal proceedings involving the same contract which was the basis of the Florida judgment. In support of these allegations, defendant alleged that plaintiff's contract with defendant violated Illinois law because, in the contract, plaintiff purported to offer management services to defendant, including legal services and advice on insurance matters, and because the contract included a fee-splitting arrangement. Defendant also attached a copy of a complaint filed by six individual plaintiffs on September 27, 1990, in Jackson County, Illinois. Plaintiff and numerous others were named as defendants in the complaint. Also attached to defendant's motion was a copy of an order entered by the circuit court of Jackson County on March 6, 1991, which added defendant and several others as plaintiffs in that action. The complaint alleged that the defendants violated the Franchise Disclosure Act of 1987 (Ill. Rev. Stat. 1989, ch. 121½, par. 1701 et seq.) and the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1989, ch. 121½, par. 261 et seq.). The complaint also alleged that the contracts at issue violated the Medical

Practice Act of 1987 (Ill. Rev. Stat. 1989, ch. 111, par. 4400—1 *et seq.*) and were void as against public policy. In addition, the complaint sought damages for breach of contract.

Plaintiff filed a response to defendant's motion on April 22, 1991. Plaintiff essentially alleged that the matters raised by defendant were irrelevant to a proceeding regarding a petition for the registration of a foreign judgment.

On May 2, 1991, the court granted defendant's motion to stay the proceedings, stating:

> "[T]hese proceedings are now stayed until the related case, Case No. 90—L—149, currently pending in Circuit Court in Jackson County, Illinois, is resolved. The Court understands that Case No. 90—L—149, involving these same and other parties, has been transferred to Du Page County, and that the parties will advise the Court of any substantial development in said case."

Plaintiff filed a timely notice of interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)).

On appeal, plaintiff argues that the trial court erred in granting defendant's motion to stay the proceedings because defendant did not raise any matters which constitute a valid defense to a petition to register a foreign judgment under the Act. We agree.

■■ ■ The full faith and credit clause of the United States Constitution (U.S. Const., art. IV, §1) provides that full faith and credit must be given to the judicial proceedings of every other State. (*First Wisconsin National Bank v. Kramer* (1990), 202 Ill. App. 3d 1043, 1047.) The purpose of the Act is to implement the full faith and credit clause of the Federal Constitution and to facilitate the interstate enforcement of judgments in any jurisdiction where the judgment debtor is found. (*Ace Metal Fabricating Co. v. Arvid C. Walberg & Co.* (1985), 135 Ill. App. 3d 452, 455; see also *ETA Trust v. Recht* (1991), 214 Ill. App. 3d 827, 831; *Kramer*, 202 Ill. App. 3d at 1047.) The Act was adopted in Illinois to aid the enforcement of judgments across State lines. (*Light v. Light* (1957), 12 Ill. 2d 502, 505; *Sackett Enterprises, Inc. v. Staren* (1991), 211 Ill. App. 3d 997, 1001.) "A lawsuit which has been pursued to judgment should be as conclusive in every other court as it is in the court where judgment was entered." *Kramer*, 202 Ill. App. 3d at 1047.

■ While section 12—608 of the Act provides for the presentation of defenses, setoffs or counterclaims to a petition to register a foreign judgment (Ill. Rev. Stat. 1989, ch. 110, par. 12—608), there are limitations on the defenses which may be raised. (*Dawson v.*

*Duncan* (1986), 144 Ill. App. 3d 532, 537.) A judgment debtor may not defend against a foreign judgment sought to be registered in Illinois on a ground that could have been presented to the foreign court in which the judgment was rendered. (*Falcon v. Faulkner* (1991), 209 Ill. App. 3d 1, 13; *Kramer*, 202 Ill. App. 3d at 1047; *Holy Cross Hospital, Inc. v. Rossi* (1988), 171 Ill. App. 3d 637, 639.) A collateral attack may not be made upon a foreign judgment except in two instances: the defenses of lack of jurisdiction in the foreign court or fraud in the procurement of the judgment may be raised. *Falcon*, 209 Ill. App. 3d at 13; *Holy Cross Hospital*, 171 Ill. App. 3d at 639; *Dawson*, 144 Ill. App. 3d at 537; *Ace Metal*, 135 Ill. App. 3d at 456; *Paine, Webber, Jackson & Curtis, Inc. v. Rongren* (1984), 127 Ill. App. 3d 85, 89; *Thompson v. Safeway Enterprises, Inc.* (1978), 67 Ill. App. 3d 914, 916.

The record is clear that defendant has not raised either valid defense in this proceeding. Defendant, however, argues that the Act "should be interpreted to include the possibility that a sister state judgment can be set aside for public policy reasons." Defendant contends that public policy considerations preclude the registration of the Florida judgment in Illinois because the judgment was based on a contract which is illegal under Illinois law. Defendant asserts that the full faith and credit clause does not compel courts of one State to subordinate that State's public policies to those of another State. The Illinois cases defendant has cited for this argument, however, did not involve the registration of a foreign judgment. Rather, the cited cases held that an Illinois court, in a proceeding pending in Illinois, is not required to give full faith and credit to the laws of another State which are contrary to the public policy of Illinois. See *Rigney v. Edgar* (1985), 135 Ill. App. 3d 893, 900; *Samack v. Travelers Insurance Co.* (1982), 111 Ill. App. 3d 61, 63-64; *Finley v. Kesling* (1982), 105 Ill. App. 3d 1, 6-8; see also *Biddy v. Blue Bird Air Service* (1940), 374 Ill. 506, 514-15.

■ The only authority defendant has cited for the proposition that public policy considerations are a defense to the registration of a judgment in a sister State is a Federal district court decision. In *In re Goodman* (N.D. Ill. 1982), 25 Bankr. 932, 936, the court, in a general discussion of full faith and credit, stated:

"[I]t is generally considered that full faith and credit does not apply where (1) there is no jurisdiction over the parties, (2) there is an overriding policy of the forum state against application of full faith and credit in a particular instance, and (3) there is a limitation intrinsically related to the judg-

ment which would prevent the application of full faith and credit in a particular instance." *Goodman*, 25 Bankr. at 936.

We conclude that *Goodman* cannot be considered persuasive authority that public policy considerations may be a defense to a petition to register a foreign judgment in Illinois. This conclusion is based on the numerous Illinois cases which have specifically held that lack of jurisdiction and fraud in the procurement of the judgment are the only valid defenses to such a petition.

In fact, the court in *Marina Associates v. Barton* (1990), 206 Ill. App. 3d 122, rejected a similar argument. In *Barton*, the plaintiff sought to register a judgment obtained in New Jersey based upon a gambling debt. The trial court dismissed the petition, agreeing with the defendant that the judgment was void under the criminal law of Illinois and was in violation of Illinois public policy. This conclusion was based on section 28—7 of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 28—7), which states that gambling contracts are void. The Appellate Court, First District, determined that the trial court was compelled to register the judgment under the authority of the full faith and credit clause of the Federal Constitution. The court stated:

" 'It is apparent *** that the public policy of the State of Illinois as expressed in the statute and as applied in the case before us, is *not* to be considered when a party proceeds in Illinois to register a judgment obtained in a foreign State.' " (Emphasis added.) *Barton*, 206 Ill. App. 3d at 124, quoting *Employers' Liability Assurance Corp. v. Coronet Insurance Co.* (1969), 106 Ill. App. 2d 24, 34.

The *Barton* court further relied on *Fauntleroy v. Lum* (1908), 210 U.S. 230, 236-38, 52 L. Ed. 1039, 1042, 28 S. Ct. 641, 643-44, in which the Supreme Court ruled that the full faith and credit clause required the Mississippi court to recognize and enforce a Missouri judgment, also based upon a transaction involving gambling, notwithstanding the fact that the cause of action was illegal in Mississippi. The court in *Barton* also cited section 117 of the Restatement (Second) of Conflict of Laws, which states:

"Original Claim Contrary to Public Policy of State Where Enforcement of Judgment is Sought

A valid judgment rendered in one State of the United States will be recognized and enforced in a sister State even though the strong public policy of the latter State would have precluded recovery in its courts on the original claim." Restatement (Second) of Conflict of Laws §117 (1971).

Therefore, based on *Barton* and the authority cited therein, even if defendant could prove that the contract upon which the Florida judgment was based violated Illinois law, this would not constitute a valid defense to plaintiff's petition to register the judgment.

■ Defendant also argues that the trial court's order staying the proceedings should be affirmed because the outcome of the case pending in Du Page County would affect the right of plaintiff to collect from defendant. However, we have already determined that the alleged illegality of the contract is not a valid defense to plaintiff's action to register the Florida judgment. Therefore, the outcome of the pending action would not affect plaintiff's ability to register the foreign judgment.

■ In conclusion, it is clear that, if defendant wanted to raise the alleged defense of the illegality of the underlying contract, he could and, in fact, should have done so in the Florida proceeding. Not having raised the issue there, he cannot use it to attack collaterally the judgment in Illinois. See *Holy Cross Hospital*, 171 Ill. App. 3d at 639; see also *Raper v. Hazelett & Erdal* (1983), 114 Ill. App. 3d 649, 654.

Accordingly, the judgment of the circuit court of Lake County staying the proceedings is reversed, and the cause is remanded for further proceedings regarding plaintiff's petition. We note that section 12—603 of the Act states that the "filing of the petition constitutes registration of the foreign judgment." Ill. Rev. Stat. 1989, ch. 110, par. 12—603.

Reversed and remanded.

DUNN and McLAREN, JJ., concur.