HEIDI PELCZYNSKI, Plaintiff-Appellant, v. THOMAS DOLATOWSKI, Adm'r of the Estate of George Braun, Deceased, Defendant (Employers Insurance of Wausau, Citation Respondent-Appellee).

Second District    No. 2—98—1235

Opinion filed November 24, 1999.

Charles E. Tannen, of Karlin & Fleisher, of Chicago, for appellant.

Donald G. Peterson and Julie N. Howie, both of French, Kezelis & Kominiarek, P.C., of Chicago, for appellee.

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

This dispute arises from a citation to discover assets that plaintiff, Heidi Pelczynski, filed against Employers Insurance of Wausau (Wausau) under section 2—1402 of the Code of Civil Procedure (735 ILCS 5/2—1402 (West 1996)). Pursuant to a motion by Wausau, the trial court dismissed the citation. The trial court made a finding under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) that there was no just cause to delay enforcement or appeal of the dismissal order. Plaintiff filed a timely notice of appeal. For the following reasons, we affirm the trial court's judgment.

On March 31, 1986, Pelczynski was a passenger in a car driven by George Braun. Braun's employer, J.W. Peters & Sons, Inc. (J.W. Peters), had rented the car for Braun's business use. Both Braun and Pelczynski were Wisconsin residents. J.W. Peters was also located in Wisconsin. While Braun was driving the rented car, he and Pelczynski were

involved in an accident in McHenry County that resulted in Braun's death and serious injury to Pelczynski. Pelczynski sued Braun's estate in McHenry County for her personal injuries and, on October 22, 1991, received a judgment of $15 million in her favor. We note parenthetically that Pelczynski previously brought an appeal before this court in this same matter, on issues unrelated to those presently before us. See *Pelczynski v. J.W. Peters & Sons, Inc.*, 178 Ill. App. 3d 882 (1989).

While Pelczynski's personal injury suit was pending, J.W. Peters' insurer, Wausau, filed a declaratory judgment action against Pelczynski, Braun's estate, and others in the circuit court of Racine County, Wisconsin. In August 1988, Pelczynski filed a declaratory judgment action against Wausau in Illinois. She voluntarily dismissed her declaratory judgment action, however, and appeared and pleaded in the Wisconsin suit.

On May 11, 1989, following a jury trial, a declaratory judgment was entered in Wausau's favor in the circuit court of Racine County. The "Order for Judgment" (Order) stated that the jury found that, at the time of the accident, George Braun was substantially deviating from the permission he was given regarding use of the vehicle. Based on that finding, the court ruled that Braun was not an insured under the policy Wausau issued to J.W. Peters. The court further ordered that Wausau had no obligations or liabilities to Pelczynski or to Braun's estate under the policy. Pelczynski appealed and the Wisconsin Court of Appeals affirmed the circuit court's judgment. See *Employers Insurance of Wausau v. Pelczynski*, 153 Wis. 2d 303, 451 N.W.2d 300 (App. 1989).

On May 22, 1997, Pelczynski filed citations to discover assets against Wausau and Continental Insurance Company in the circuit court of McHenry County. Pelczynski states in her brief that the purpose of the citation against Wausau was to try to obtain the proceeds of the policy it issued to J.W. Peters. Wausau filed a response to the citation and attached certified copies of the circuit court of Racine County's Order granting declaratory judgment in its favor. Wausau argued that the Order was *res judicata* with respect to the citation to discover assets and that the Order barred Pelczynski as a matter of law from claiming the proceeds of the policy. Wausau asked the court to dismiss the citation proceeding pursuant to section 2—619(a)(4) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(4) (West 1996)). That section provides that, within the time for pleading, a defendant may move to dismiss an action on the ground that the action is barred by a prior judgment. 735 ILCS 5/2—619(a)(4) (West 1996). Instead of filing a response to Wausau's response to the citation

to discover assets, plaintiff's counsel sent a letter to Wausau's counsel listing five cases he intended to rely on in support of his theory that the Wisconsin judgment was contrary to the public policy of Illinois and therefore was not a bar to the citation proceeding. Wausau filed an "Additional Record in Support of Wausau's Motion to Dismiss Citation" in response to plaintiff's letter.

A hearing on the motion to dismiss the citation proceeding took place on August 19, 1998. The court granted Wausau's motion to dismiss, finding the cases plaintiff cited in support of her argument to be factually distinguishable. The court further ordered that, because its ruling disposed of the entire matter with respect to Wausau, its order was final and appealable pursuant to Rule 304(a).

■ Our initial task is to determine whether this court has jurisdiction over the matter before us. The trial court made an express written finding that there was no just reason to delay appeal or enforcement of the dismissal order. The court's ruling did not terminate Pelczynski's citation proceeding in its entirety, as the citation against Continental Insurance Company still remained. However, the dismissal did terminate the litigation entirely with respect to Wausau. A judgment that does not dispose of an entire proceeding is final if it disposes of some definite or separate part of the controversy. *Susman v. Price*, 230 Ill. App. 3d 639, 641 (1992). Thus, we find that the court's order was final and appealable as to Pelczynski's citation against Wausau and as such is within this court's jurisdiction.

■ Pelczynski advances a single argument on appeal: that the trial court should have refused to give full faith and credit to the declaratory judgment in Wausau's favor because the judgment violated the public policy of this state. The facts are not in dispute. We review *de novo* the granting of a motion for involuntary dismissal. *Rochon v. Rodriguez*, 293 Ill. App. 3d 952, 958 (1997).

The Wisconsin courts applied Wisconsin law to the question of whether the policy covered Braun, who was not using the vehicle for business purposes at the time of the accident. The Wisconsin Supreme Court has held that an insurance company must provide coverage when the deviation from the scope of the permission given is minor (*Kitchenmaster v. Mutual Auto Insurance Co.*, 248 Wis. 554, 22 N.W.2d 479 (1946)) but that the insurer is *not* liable when the employee used the vehicle in a manner " 'contrary to the express instructions given [to] him.' " *Pelczynski*, 153 Wis. 2d at 308, 451 N.W.2d at 304, quoting *Boehringer v. Continental Casualty Co.*, 7 Wis. 2d 201, 205, 96 N.W.2d 353, 355 (1959).

■ Unlike Wisconsin, Illinois law provides that coverage exists once initial permission is given to operate the vehicle, even if the use

of the vehicle exceeds the scope of the permission given. *Maryland Casualty Co. v. Iowa National Mutual Insurance Co.*, 54 Ill. 2d 333, 342 (1973). Our supreme court explained that this "initial permission" rule " 'is based on the theory that the insurance contract is as much for the benefit of the public as for the insured, and it is undesirable to permit litigation as to the details of the permission and use.' " *Maryland Casualty*, 54 Ill. 2d at 342, quoting *Konrad v. Hartford Accident & Indemnity Co.*, 11 Ill. App. 2d 503, 515 (1956).

Plaintiff maintains that because the Wisconsin court did not apply the "initial permission" rule, it would be offensive to Illinois' public policy for the McHenry County circuit court to give full faith and credit to the Wisconsin court's judgment. In support of her argument, Pelczynski cites a single case, *Samack v. Travelers Insurance Co.*, 111 Ill. App. 3d 61 (1982). *Samack* did not involve the recognition of a foreign judgment by an Illinois court, but instead held that an Illinois court is not required to give full faith and credit to the law of another state that is contrary to Illinois public policy. *Samack*, 111 Ill. App. 3d at 63-64.

In a more recent case than *Samack*, this court visited the issue of whether public policy considerations are a defense to the registration of a foreign judgment. *Practice Management Associates, Inc. v. Thurston*, 225 Ill. App. 3d 470, 472 (1992). We find this case closer to the issue at hand and therefore follow its reasoning. In *Practice Management*, the plaintiff filed a motion to register a judgment that a Florida court had entered in his favor and against the defendant. The defendant moved to set aside the registration of the judgment and stay the proceedings, arguing that the cause of action that gave rise to the judgment was repugnant to Illinois public policy. According to the defendant, the contract between him and the plaintiff violated Illinois law because the plaintiff purported to offer management services including legal services and insurance advice, and because the contract contained a fee-splitting arrangement. The trial court granted the defendant's motion to stay the proceedings. *Practice Management*, 225 Ill. App. 3d at 472-73.

On appeal, this court found that the defendant failed to raise a valid defense to the petition to register a foreign judgment and reversed the trial court. *Practice Management*, 225 Ill. App. 3d at 474. We expressly declined to recognize a public policy exception to article IV of the United States Constitution (U.S. Const., art. IV, § 1), which requires each state to give full faith and credit to the public acts, records, and judicial proceedings of other states. In so doing, this court noted that " '[a] lawsuit which has been pursued to judgment should be as conclusive in every other court as it is in the court where judg-

ment was entered.' " *Practice Management*, 225 Ill. App. 3d at 473, quoting *First Wisconsin National Bank v. Kramer*, 202 Ill. App. 3d 1043, 1047 (1990).

■ As we noted in *Practice Management*, 225 Ill. App. 3d at 475, and as did the court in *Marina Associates v. Barton*, 206 Ill. App. 3d 122, 125-26 (1990), the United States Supreme Court addressed this issue in *Fauntleroy v. Lum*, 210 U.S. 230, 52 L. Ed. 1039, 28 S. Ct. 641 (1908). In *Fauntleroy*, the Supreme Court held that, under the full faith and credit clause, a Mississippi court must enforce a Missouri judgment, even though the cause of action on which it was based was illegal in Mississippi. *Fauntleroy*, 210 U.S. at 237, 52 L. Ed. at 1042, 28 S. Ct. at 643. The court in *Barton* also noted that the Restatement (Second) of Conflict of Laws codified the holding in *Fauntleroy* in section 117, which provides:

> " 'Original Claim Contrary to Public Policy of State Where Enforcement of Judgment Is Sought[.]
>
> A valid judgment rendered in one State of the United States will be recognized and enforced in a sister State even though the strong public policy of the latter State would have precluded recovery in its courts on the original claim.' " *Barton*, 206 Ill. App. 3d at 127, quoting Restatement (Second) of Conflict of Laws § 117 (1971).

■ An Illinois court will entertain a collateral attack on a foreign judgment only under two circumstances: when presented with allegations that the foreign court lacked jurisdiction, or when presented with allegations of fraud in the procurement of the foreign judgment. *Practice Management*, 225 Ill. App. 3d at 474 (and cases cited therein). Pelczynski did not raise either of these defenses. She has provided this court with no reason to depart from the long-standing rule of law that this state must recognize valid judgments entered in other states.

■ To proceed against a party who is not a judgment debtor in a citation to discover assets, the burden is on the judgment creditor to demonstrate that the third party possesses assets of the judgment debtor. *Pyshos v. Heart-Land Development Co.*, 258 Ill. App. 3d 618 (1994). Wausau demonstrated that, under the declaratory judgment, it had no obligation to Braun's estate or to Pelczynski. Consequently, the trial court properly concluded that Pelczynski's citation proceeding was barred by a prior judgment.

Accordingly, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

McLAREN and COLWELL, JJ., concur.