2016 IL App (1st) 160778

FOURTH DIVISION
January 5, 2017

No. 1-16-0778

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| R&J CONSTRUCTION SUPPLY COMPANY, INC., n/k/a CCS Contractor Equipment & Supply Company, | ) Appeal from the<br>) Circuit Court of<br>) Cook County. |
| Plaintiff-Appellant, | ) |
| | ) No. 08 MI 178352 |
| v. | ) |
| | ) |
| GREGORY ADAMUSIK, d/b/a United Masonry & Tuckpointing, and EDMAR CORPORATION | ) Honorable<br>) Daniel Kubasiak,<br>) Judge Presiding. |
| Defendants-Appellees. | |

JUSTICE BURKE delivered the judgment of the court, with opinion.
Presiding Justice Ellis and Justice McBride concurred in the judgment and opinion.

**OPINION**

¶ 1                                                   I. BACKGROUND

¶ 2        On October 1, 2008, plaintiff, R&J Construction Supply Company, Inc., filed a complaint against Gregory Adamusik, d/b/a United Masonry & Tuckpointing, alleging breach of contract. Plaintiff obtained a default judgment against Adamusik in the amount of $9395.84 plus costs.

¶ 3        At plaintiff's request, the circuit court revived the judgment on June 23, 2015. On June 26, 2015, plaintiff issued a third-party citation to discover assets (CDA) to appellee, Edmar Corporation, in order to recoup any funds owed to Adamusik/United Masonry from Edmar. The

third-party citation was served on Edmar on July 2, 2015. Edmar did not answer the CDA or appear on or before the return date. The court entered a conditional judgment against Edmar on July 24, 2015.

¶ 4       On July 28, 2015, Plaintiff issued and served a summons to confirm the conditional judgment on Edmar. On August 25, 2015, following Edmar's failure to answer or appear again, the trial court confirmed the conditional judgment and entered a final judgment against Edmar in the amount of the Adamusik judgment of $9395.84 plus costs and interest. On September 30, 2015, plaintiff issued a direct citation to Edmar—no longer a third-party citation—to discover assets to satisfy the judgment.

¶ 5       On the citation return date of October 19, 2015, Edmar's counsel appeared and the court granted counsel's request for time to review the file. On November 23, 2015, Edmar filed a petition to vacate the judgment entered against it pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)) arguing that plaintiff failed to establish a basis to issue its initial third-party citation to Edmar and that Edmar had no relationship with plaintiff or Adamusik. Edmar argued that the citation was not properly filed and any judgment based on the improperly filed citation should be vacated. After a hearing, the trial court granted the section 2-1401 petition, vacated the conditional and final judgments, and dismissed the citation against Edmar. Plaintiff now appeals.

¶ 6                                    II. ANALYSIS

¶ 7       In Illinois, civil judgments are enforced through supplementary proceedings pursuant to section 2-1402 of the Code (735 ILCS 5/2-1402 (West 2014)). The statute authorizes plaintiff to attempt to find any assets of Adamusik that may be held by third parties. Section 2-1402(a) of the statute, authorizing the citation action, provides a mechanism by which a judgment creditor

may initiate supplementary proceedings to discover the assets of a judgment debtor or third party, and apply those assets to satisfy the judgment. 735 ILCS 5/2-1402(a) (West 2014); *Ericksen v. Rush-Presbyterian-St. Luke's Medical Center*, 289 Ill. App. 3d 159, 166 (1997), *appeal denied*, 174 Ill. 2d 559 (1997) (table); *Schak v. Blom*, 334 Ill. App. 3d 129, 132-33 (2002). The supplementary proceeding is initiated by the service of a citation to discover assets. 735 ILCS 5/2-1402(a) (West 2014).

¶ 8        The court may compel any person cited, other than the judgment debtor, to turn over any assets that the third party may be holding or in possession of that belong to the judgment debtor, such as wages or payments due. These assets can then be applied in satisfaction of the judgment, in whole or in part. 735 ILCS 5/2-1402(a), (c) (West 2014); 735 ILCS 5/12-706(a) (West 2010). If the third-party citation respondent fails to appear and answer, a court may enter a conditional judgment against the third party for the amount due from the judgment debtor. Once a conditional judgment has been entered against a third party, a summons to confirm the conditional judgment may issue against the third party, commanding the third party to show cause why the judgment should not be made final against it. If the third party again fails to respond after being served with a summons to confirm the conditional judgment, the court shall confirm the judgment in the amount owed to the plaintiff and award costs. 735 ILCS 5/2-1402 (West 2014).

¶ 9        If Edmar had immediately responded to any of the citations with a motion to quash or a response that they were not holding assets, the trial court could have had a hearing on that issue, or dismissed the citation. That is not what occurred in this case. Edmar did not file a response, an answer, or a motion to quash the citation. Edmar was served with the citation and ignored it. Edmar was then served with the conditional judgment for failure to respond to the citation, and

ignored that as well. Edmar was served with the summons to confirm the conditional judgment and again ignored that, which resulted in a final judgment being entered against Edmar. Once the judgment was made final against Edmar, plaintiff served Edmar, no longer with the third-party citation, but with a direct citation. If Edmar had contested the citation at any point, any decision the trial court made to compel a judgment debtor to deliver up money or property in satisfaction of a judgment would be reviewed under an abuse of discretion standard, when the trial court conducted an evidentiary proceeding, heard testimony, and made findings of fact. *Gonzalez v. Profile Sanding Equipment, Inc.*, 333 Ill. App. 3d 680, 692-93 (2002); *cf. Dowling v. Chicago Options Associates, Inc.*, 226 Ill. 2d 277, 285 (2007) (*de novo* standard applies when the trial court heard no testimony and based its turnover decision on documentary evidence). But that did not happen in this case.

¶ 10     When plaintiff served Edmar with the *direct* citation, Edmar retained counsel by the return date of the citation, and counsel filed the section 2-1401 petition seeking to vacate both the citation and the conditional and final judgments. The hearing that the trial court conducted was on the propriety of the section 2-1401 petition, not the propriety of the issuance of the third-party citation. We review the circuit court's ruling on a 2-1401 petition *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007) ("when a court enters either a judgment on the pleadings or a dismissal in a section 2-1401 proceeding, that order will be reviewed, on appeal, *de novo*").

¶ 11     The typical section 2-1401 analysis is two-tiered: both a meritorious defense and due diligence must be pleaded and demonstrated. The issue of a meritorious defense is a question of law, and it is properly subject to summary judgment and *de novo* review. If the petitioner fails to allege the existence of a meritorious defense, the petition is properly denied, and due diligence need not be addressed. However, if a meritorious defense probably exists, the court must address

the issue of due diligence. *Rockford Financial Systems, Inc. v. Borgetti*, 403 Ill. App. 3d 321, 327 (2010)

¶ 12     The supreme court set out the basic standards for the granting of a section 2-1401 petition in *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986):

> "[In order to prevail] under section 2-1401, the petitioner must affirmatively set forth specific factual allegations supporting *each* of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief." (Emphasis added.).

¶ 13     Edmar alleged several facts in the 2-1401 petition which sufficiently established a meritorious defense. The registered agent/officer of Edmar Corporation, Ed Marciszewski, testified in his affidavit that there was no basis to even issue a third-party citation to Edmar. Adamusik has never worked there; they never had any business dealing with him, had never even heard of Adamusik, and had never been in possession of, or held any assets of, Adamusik or his company.

¶ 14     The judgment creditor has the burden of showing that the citation respondent has assets of the judgment debtor. *Pelczynski v. Dolatowski*, 308 Ill. App. 3d 753, 758 (1999). Before a judgment creditor may proceed against a third party who is not the judgment debtor, the record must contain some evidence that the third party possesses assets of the judgment debtor. *Schak*, 334 Ill. App. 3d at 133. "The provisions of section 2-1402 are to be liberally construed, and the burden lies with the petitioner to show that the citation respondent possesses assets belonging to the judgment creditor." *Id.* at 133; *Borgetti*, 403 Ill. App. 3d at 329.

¶ 15        Plaintiff argues that he had a sufficient basis to issue the third-party citation based upon several factors. At the hearing in the trial court, when asked what the basis for seeking a citation to Edmar Corporation was, counsel replied that he had seen Edmar trucks with Adamusik's name. Plaintiff presented no other evidence of this claim such as photographs or records from the Secretary of State. Plaintiff's counsel also contended that both Adamusik and Edmar were Polish and both did masonry work. They were both on Angie's list for masonry work. Finally, counsel stated that Adamusik used the website www.masonrytuckpointing.com for his business until his business was dissolved in 2012. Edmar began using that domain after they incorporated in 2013. There were no other links between the two companies. In response, Edmar asserted that it had never worked with Adamusik and did not know him. This is without question an insufficient basis to issue a third-party citation on Edmar. The trial court had a sufficient basis on these facts alone to grant the section 2-1401 petition to vacate.

¶ 16        Although unnecessary at this point, we will turn to the due-diligence prong. In postjudgment proceedings, it is common that a third-party respondent, who does not know the judgment debtor, disregards the third-party citation. Only when the citation becomes a final judgment against the third party do they realize the consequences of their failure to respond. This occurrence was noted by Ed Marciszewski in his affidavit. Within 30 days of receiving the citation against Edmar, counsel appeared and asked for time to review what had transpired.

¶ 17   In this case, plaintiff contributed to the confusion by serving a defective third-party citation, a defective conditional judgment, and a defective final judgment. The citation form contains a line which states that the third-party respondent is to disclose if they have any funds or assets due to the debtor; the form has a blank to enter the debtor's name. However, in the citation to Edmar, where the plaintiff was supposed to put the debtor's name, the plaintiff put Edmar Corporation.

The form gave all the details of the Adamusik judgment, but asked for the assets of Edmar Corporation. Edmar did not answer the citation or appear on or before the return date. According to the affidavit of Ed Marciszewski, the officer and registered agent of Edmar, he did not answer the citation because he did not know who Adamusik or United Masonry & Tuckpointing was. A conditional judgment was then entered against Edmar on July 24, 2015.

¶ 18    On July 28, 2015, plaintiff issued and served a summons to confirm the conditional judgment on Edmar. The summons to confirm a conditional judgment again listed all of the case information regarding Adamusik, but on the line requesting information regarding assets of the debtor, the plaintiff again filled in the blank with Edmar Corporation. Again, asking Edmar to disclose its own assets.

¶ 19    The significant problems with the third-party citation cannot be overlooked. The citation was defective on its face, and the trial court correctly granted the section 2-1401 petition. Although neither party raised this issue, and the trial court did not cite this as a reason for its ruling, the appellate court can affirm the trial court on any basis in the record on *de novo* review. See *Alpha School Bus Co. v. Wagner*, 391 Ill. App. 3d 722, 734 (2009).

¶ 20    Even if plaintiff had a basis for the third-party citation, the defect on the face of any of the citations provides a basis to find the third-party citation defective. The glaring flaw on the face of the document is sufficient for us to find that they did not correctly issue a third-party citation. Nonetheless, we find that Edmar exercised due diligence in filing the section 2-1401 petition. Within 30 days of the citation being served on Edmar, counsel was in court seeking time to find out what occurred in the litigation because Edmar was in the dark regarding the identity of the debtor. Once counsel was apprised of how a judgment came to be entered against Edmar, he filed the petition to vacate.

¶ 21 Even if Edmar had not sought to address this issue as quickly as they did, equitable powers may require that a judgment be set aside even in the absence of due diligence by a party seeking section 2-1401 relief. See *Salazar v. Wiley Sanders Trucking Co.*, 216 Ill. App. 3d 863, 874 (1991). One of the guiding principles in the administration of section 2-1401 relief is that the petition invokes the equitable powers of the court, which should prevent the enforcement of a judgment when it would be unfair, unjust, or unconscionable. *Smith*, 114 Ill. 2d at 225. Here, there is no basis in law or equity to allow a judgment to stand against a third party that held no assets of the debtor, had no relationship with the debtor, and further was in receipt of a deceptive and defective third-party citation. Thus, we find that the circuit court did not abuse its discretion in granting the motion to vacate the judgment against Edmar where plaintiff issued a defective citation and had no reasonable basis to believe that Edmar held any assets of the judgment debtor Adamusik.

¶ 22                                  III. CONCLUSION

¶ 23 For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 24 Affirmed.